THE STATE OF OHIO, APPELLEE,
*v.* GIBSON, APPELLANT.

(Nos. 51107 and 51348—Decided October 23,1986.)

*John T. Corrigan,* prosecuting attorney, and *Thomas Conway,* for appellee.

*Hyman Friedman,* county public defender, and *Robert M. Ingersoll,* for appellant.

MARKUS, C.J. The defendant's two delayed appeals challenge his convictions on guilty pleas for different offenses in 1982 and 1985. He contends that both judges failed to advise him properly, so he did not enter those pleas knowingly and voluntarily.

In case No. 51107, the court did not tell him the applicable maximum penalties, before accepting his 1982 pleas to robbery and carrying a concealed weapon. In case No. 51348, the court did not explain that its sentence would supplement a potential parole violation before accepting his 1985 pleas to aggravated burglary, theft, and penalty-enhancing specifications for prior convictions. Additionally, the defendant contests the 1985 penalty enhancement, because the prior convictions were contained in the allegedly defective 1982 judgment.

The 1982 pleas were defective, so we vacate those convictions and the 1985 penalty enhancement which they caused. We affirm the 1985 convictions without those specificatons.

I

Crim. R. 11(C)(2) provides:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation."

A court must inform the defendant about critical constitutional rights before accepting a plea which waives those rights. *State* v. *Ballard* (1981), 66 Ohio St. 2d 473, 20 O.O. 3d 397, 423 N.E. 2d 115, paragraph one of the syllabus. However, substantial compliance with Crim. R. 11(C) will suffice to advise the defendant about other matters before accepting such pleas. *State* v. *Stewart* (1977), 51 Ohio St. 2d 86, 93, 5 O.O. 3d 52, 56, 364 N.E. 2d 1163, 1167. Thus, the court may properly determine that the defendant understands those other matters from the totality of the circumstances, without informing him about them directly. See *State* v. *Rainey* (1982), 3 Ohio App. 3d 441, 442, 3 OBR 519, 520-521, 446 N.E. 2d 188, 190; *State* v. *Stewart, supra.*

However, Ohio does require the court to satisfy itself that the defendant knows the maximum penalty applicable to the offense involved. *State* v. *Wilson* (1978), 55 Ohio App. 2d 64, 65-66, 9 O.O. 3d 223, 224, 379 N.E. 2d 273, 274; *State* v. *Telliard* (May 8, 1986), Cuyahoga App. No. 50417, unreported. Nothing in the 1982 proceedings gave the court reason to believe that this defendant knew the potential maximum penalties before he pled guilty. Cf. *State* v. *Edwards* (Oct. 28, 1978), Cuyahoga App. No. 37783, unreported (prosecutor advised defendant about maximum penalty in open court); *State* v. *Matthews* (Aug. 11, 1977), Cuyahoga App. No. 36327, unreported (same).

The fact that the court later granted the defendant probation for those offenses does not retroactively cure the defective plea. Indeed, this defendant soon violated that probation, so the court then imposed a penitentiary

148

sentence for these offenses. Thus, his 1982 pleas were defective.

Without his 1982 convictions, there was no basis for his 1985 convictions on penalty-enhancing specifications. Hence, we must vacate those convictions as well. Cf. *In re Petition for Mallory* (1985), 17 Ohio St. 3d 34, 35-36, 17 OBR 28, 29, 476 N.E. 2d 1045, 1047; *In re Anderson* (1978), 55 Ohio App. 2d 199, 201, 9 O.O. 3d 346, 348, 380 N.E. 2d 368, 369. We sustain the defendant's second and third assignments of error.

## II

The defendant's first assigned error attacks his 1985 convictions, relying on *State* v. *Norman* (Sept. 19, 1985), Cuyahoga App. No. 49507, unreported. In *Norman,* the panel held that the trial judge must advise the defendant that the new sentence will run consecutively to an anticipated parole violation. However, this court expressly overruled *Norman* in *State* v. *Flint* (July 10, 1986), Cuyahoga App. No. 50784, unreported. See, also, *State* v. *Daniels* (Sept. 4, 1986), Cuyahoga App. No. 51097, unreported.

Advice about the maximum sentence does not entail discussion about relationships between that sentence and other sentences. A contrary rule could require the court to advise the defendant about the effect of a new conviction on (a) another judge's later sentence in an unrelated case, or (b) the defendant's eligibility for parole on prior or later offenses. The *Flint* decision reasons that the court substantially complies with Crim. R. 11(C) without discussing that additional subject. By unofficial consensus of the entire court, *Flint* states the rule of this district.

A guilty plea and the resulting conviction can affect the defendant adversely in many ways besides incarceration: *e.g.,* loss of civil rights, possible deportation for aliens, prohibition against possessing firearms, and disqualification from various occupations and professions. Ohio does not require the court to explain those consequences before accepting a defendant's guilty plea.

We overrule the defendant's first assignment of error and affirm his 1985 convictions in case No. 51348 for aggravated burglary and theft. However, our reversal of the 1985 penalty-enhancing specification convictions requires us to remand the aggravated burglary and theft convictions for resentencing. We reverse and vacate the convictions and the pleas in case No. 51107, and remand that case for further proceedings.

*Judgment accordingly.*

JACKSON and PARRINO, JJ., concur.