Defendant, Trulaine L. Hardgrow, appeals from separate judgments of the Franklin County Court of Common Pleas, sentencing defendant to a term of imprisonment for carrying a concealed weapon and revoking his probation. By entry of this court, the cases were sua sponte consolidated for appeal.
On July 30, 1997, defendant was indicted on one count of carrying a concealed weapon, in violation of R.C. 2923.12
(common pleas case No. 97CR07-4245). By entry filed November 17, 1997, the case was reassigned to a judge of the trial court because defendant had been placed on probation by that judge in a prior case. Specifically, in September of 1996, defendant had entered a guilty plea to one count of theft and two counts of forgery (common pleas case No. 96CR-2538). In that action, the trial court imposed terms of imprisonment on all three counts but the sentences were suspended and defendant was placed on probation for a period of five years from the date of October 25, 1996.
On February 23, 1998, defendant appeared before the trial court and withdrew his previously entered not guilty plea and entered a plea of guilty to the charge of carrying a concealed weapon. At the conclusion of the hearing, the court ordered an updated pre-sentence investigation and scheduled a "second hearing on the probation revocation hearing," to be held on March 30, 1998. Sentencing for the offense of carrying a concealed weapon was also set for that date.
At the hearing on March 30, 1998, the trial court sentenced defendant to a term of nine months incarceration on the charge of carrying a concealed weapon. The trial court also revoked defendant's probation in common pleas case No. 96CR-2538 and reinstated the original sentence, to be served consecutive to the sentence imposed for the offense of carrying a concealed weapon.
 On appeal, defendant sets forth two assignments of error for review:
"ASSIGNMENT OF ERROR ONE
 "The defendant was denied his constitutional rights under the due process clause when the trial court failed to make a full determination in regards to his understanding of the nature of the charge against him and the consequences of a plea of guilty.
"ASSIGNMENT OF ERROR TWO
 "The trial court's imposition of penal and consecutive sentences were not supported by the evidence."
Under the first assignment of error, defendant contends that the trial court erred in failing to fully inform him about the consequences of his plea. Specifically, defendant argues that the trial court, before accepting the guilty plea to the charge of carrying a concealed weapon, should have informed him of the possibility of a revocation of parole in the prior case, as well as the potential of receiving consecutive sentences.
Crim.R. 11(C)(2) states in relevant part:
 "(C) Pleas of guilty and no contest in felony cases.
"* * *
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or community sanctions.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
In State v. Deal (Sept. 27, 1990), Cuyahoga App. No. 57458, unreported, the court noted the following regarding the trial court's duty under Crim. R. 11(C)(2):
 "A trial court must substantially comply with the dictates of this rule. State v. Stewart
(1977), 51 Ohio St.2d 86; State v. Flint (1986), 36 Ohio App.3d 4. Though adherence to the rule does not require rote recitation, a court must make inquiry into the defendant's knowledge of the consequences of a plea. State v. Wilson
(1977), 55 Ohio App.2d 64, certiorari denied (1978), 439 U.S. 927. The court must determine that the defendant is aware of the maximum penalty applicable to the charged offense. Crim.R. 11(C); Wilson, supra; State v. Gibson
(1986), 34 Ohio App.3d 146."
In the present case, at the hearing during which defendant withdrew his not guilty plea and entered a plea of guilty to the offense of carrying a concealed weapon, the record indicates the following colloquy between the trial judge and the defendant:
 "THE COURT: Is this your signature on the plea form?
"THE DEFENDANT: Yes, ma'am, it is.
"* * *
 "THE COURT: Are you under any type of probation or community control right now?
"THE DEFENDANT: Yes, ma'am.
 "THE COURT: Has your attorney explained everything and answered all of your questions?
"THE DEFENDANT: Yes, ma'am.
 "THE COURT: Are you satisfied with his advice, counsel and competence?
"THE DEFENDANT: Very satisfied, ma'am.
 "THE COURT: I understand you wish to withdraw your previously entered plea of not guilty and now plead guilty; is that correct?
"THE DEFENDANT: Yes, ma'am, that is.
 "THE COURT: Do you understand what offense you are pleading guilty to?
"THE DEFENDANT: Yes, ma'am, I do.
 "THE COURT: Do you understand that by pleading guilty to this crime constitutes both an admission of your guilt and a waiver of any and all constitutional, statutory or factual defenses to which you may be entitled?
"THE DEFENDANT: Yes, ma'am.
 "THE COURT: Do you further understand that by pleading guilty to this crime you waive your constitutional, statutory, and procedural rights which include, but are not limited to, the right to have a trial by a jury of twelve or me as the judge determine your case?
"THE DEFENDANT: Yes, ma'am, I do.
 "THE COURT: Do you also understand that you are giving up the right to confront and cross-examine the State's witnesses, and to compel witnesses to appear on your behalf at trial?
"THE DEFENDANT: Yes, ma'am.
 "THE COURT: Do you also understand that you are giving up the right to require the State of Ohio to prove you guilty beyond a reasonable doubt at a trial at which you cannot be compelled to testify against yourself?
"THE DEFENDANT: Yes, ma'am.
 "THE COURT: Do you also understand that you are giving up your right to appeal the verdict and rulings of the trial court made before or during trial should those rulings or verdict be against your interest?
"THE DEFENDANT: Yes.
 "THE COURT: Do you understand that you have the right to appeal a maximum sentence should a maximum sentence be afforded. Because there is no trial you have other limited appellate rights. Any appeal must be filed within thirty days of your sentence.
 "Do you understand that by pleading guilty to this offense your maximum sentence could be up to eighteen months incarceration in prison and a fine not to exceed five thousand dollars. Any prison term stated will be the term you actually serve without good time reduction. If you commit a crime in prison your time could be increased by intervals of fifteen, thirty, sixty or ninety days up to fifty percent more of your sentence time. After release from prison you have up to three years of post-release control. The parole authority could return you to prison for up to nine months if you violate it to a maximum of fifty percent more of your sentence time. You could also be ordered to pay court costs and restitution if any. Do you understand that?
"THE DEFENDANT: Yes, ma'am.
 "THE COURT: Do you understand that upon — I can give you a community control sentence for up to five years instead of prison but if you violate it you could get a more restrictive sentence including prison for the length of time selected at a sentencing hearing and under the conditions I have just mentioned.
"THE DEFENDANT: Yes, ma'am.
 "THE COURT: If the conditions of the sanctions are violated the court can impose a longer term under the same sanction, or more restrictive sanctions, or a prison term. Do you understand that?
"THE DEFENDANT: Yes, ma'am.
 "THE COURT: Do you understand that upon acceptance of you[r] plea of guilty, this court may proceed with judgment and sentence today?
"THE DEFENDANT: Yes, ma'am.
 "THE COURT: Do you understand that upon acceptance of your plea of guilty — do you understand you are pleading guilty based upon your own free will and best of your own judgment?
"THE DEFENDANT: Yes, ma'am.
 "THE COURT: Do you have any questions for the Court or for your attorney?
"THE DEFENDANT: No, I don't.
 "THE COURT: Do you now voluntarily give up these rights?
"THE DEFENDANT: Yes, ma'am.
 "THE COURT: Have you reviewed all of the pages of the plea form and signed each page?
"THE DEFENDANT: Yes, ma'am, I have.
"THE COURT: How do you plead?
"THE DEFENDANT: I plead guilty.
 "THE COURT: Let the record reflect that the court hereby accepts the Defendant's guilty plea as voluntarily and intelligently made with full knowledge of the consequences thereof, including waiver of all rights and defenses, understanding of the maximum sentence." (Tr. 3-8.)
A review of the above dialogue indicates that the trial court substantially complied with the requirements of Crim.R. 11(C); the court informed defendant of the constitutional rights he was waiving and advised him of the effect of pleading guilty, including an explanation of the maximum possible penalty for the offense of carrying a concealed weapon. Defendant affirmed that he understood the questions asked.
Defendant's contention that the plea was defective because the court did not discuss the relationship between sentencing on the offense to which he was entering the plea (carrying a concealed weapon) and other sentences is unpersuasive. The Ohio Supreme Court has held that Crim.R. 11(C)(2) is not violated where a defendant is not informed that sentences may be imposed consecutively. State v. Johnson (1988), 40 Ohio St.3d 130.
In State v. Jones (June 26, 1980), Franklin App. No. 80AP-49, unreported (1980 Opinions 1849), the defendant argued that the trial court was obligated to inform him that sentencing on the charge to which he was entering a plea was required to be consecutive to former sentences, as he was on parole at the time of the plea. This court rejected that argument, holding that "Crim.R. 11(C)(2)(a) does not require advising a defendant as to sentencing other than as it relates to the charges pending before the court. * * * Crim.R. 11(C)(2) refers only to the sentences at hand rather than the consequences of a previous sentence by revocation of parole for that sentence." Id. at 1853.
In State v. Haney (Sept. 8, 1995), Lake App. No. 95-L-001, unreported, it was asserted by the defendant that his plea had not been made voluntarily because he had been misinformed as to the possible effect it would have upon his status as a probationer, stemming from an earlier conviction. In Haney, the court held:
 "As a general proposition, the courts of this state have held that a plea of guilty has been made knowingly and voluntarily even if the defendant was not aware of the effect the plea could have upon other criminal proceedings. In State v. Gibson (1986), 34 Ohio App.3d 146 * * *, the Eighth Appellate District concluded that the trial court had substantially complied with the requirements of Crim.R. 11(C) * * * even though the court had not discussed the possible relationship between the maximum sentence in that case and the sentence in a separate case. In relation to this general issue, the Gibson court noted:
 " 'Advice about the maximum sentence does not entail discussion about relationships between that sentence and other sentences. A contrary rule could require the court to advise the defendant about the effect of a new conviction on (a) another judge's later sentence in an unrelated case, or (b) the defendant's eligibility for parole on prior or later offenses. Gibson, at 148.'
 "Given this precedent, it follows that, prior to accepting a plea of no contest, a trial court is not required to inform a defendant of any collateral effect the plea might have upon the status of his probation in a separate case; i.e., a defendant does not have to be informed of this type of collateral effect in order for the plea to be made knowingly and voluntarily. * * *"
Other Ohio appellate courts have rejected arguments similar to the contention raised by the defendant in the instant case. See State v. Cool (Oct. 1, 1997), Summit App. No. 18148, unreported (trial court was not required to tell defendant, pursuant to the requirements of Crim.R. 11(C), that it could or would impose probation violation sentence consecutive to other sentences); State v. Ratliff (May 8, 1997), Cuyahoga App. No. 71045, unreported ("Where * * * a court properly informs an appellant of the maximum sentence for the crime to which the appellant is pleading, there is no error to be found in the trial court's acceptance of the plea without an explanation of the consequences of prior convictions"); State v. Burlile (Mar. 2, 1992), Warren App. No. CA90-12-083, unreported (rejecting defendant's argument that his pleas were inadmissible because the trial judge failed to inform defendant that his pleas "would result or could result in the revocation of his felony probation. We know of no authority and none is cited to support this proposition"); State v. Bailey (Oct. 13, 1994), Cuyahoga App. No. 65195, unreported ("Crim.R. 11(C) does not require that the trial court inform a defendant that the sentence could potentially be increased if a defendant is later found to be a probation violator. A trial court substantially complies with Crim.R. 11(C) without discussing with a defendant the relationship between the maximum sentence applicable and other sentences or consequences"); State v. Spence (Jan. 19, 1989), Cuyahoga App. No. 54880, unreported (argument that trial judge failed to explain that a guilty plea to charge could adversely affect the status of his probation for a prior offense "is without merit for the reason that Crim.R. 11(C) does not state that an accused must be informed of consecutive sentences");State v. Harris (Sept. 28, 1995), Cuyahoga App. No. 67904, unreported (trial court did not err in failing to inform defendant about consequences of prior convictions before accepting guilty plea).
Defendant further contends that the record suggests his trial counsel, during the proceedings at issue, was under the impression that the probation revocation was being withdrawn. Defendant asserts that, where counsel was under an apparent misapprehension regarding what was before the court, the court should have personally addressed the defendant as to whether he was aware of a probation revocation and whether he had stipulated to it. While defendant's argument may raise the issue of whether his trial counsel's performance was deficient, a matter not before the court in the instant appeal, defendant has failed to show that the trial court failed to properly comply with the requirements of Crim.R. 11.
Defendant's first assignment of error is without merit and is overruled.
Under the second assignment of error, defendant asserts that the trial court erred by imposing a penal term of incarceration as opposed to the least restrictive alternative, i.e., a community controlled sanction. Defendant further argues that the court should not have ordered the sentences related to the parole revocation to be served consecutively with the sentence for the offense of carrying a concealed weapon.
Regarding the trial court's sentencing on the offense of carrying a concealed weapon, a review of the record indicates that, in deciding to impose a prison sentence, the court considered the factors set forth in R.C. 2929.12 as well as the factors under R.C. 2929.13. With respect to the factors under R.C. 2929.12 involving the likelihood of recidivism, the court determined that the likelihood of recidivism was great because defendant was under post-release control or parole when the offense was committed, he had failed to respond favorably in the past to probation and he had not demonstrated genuine remorse. The court concluded that a community control sanction would not be consistent with the purposes of R.C. 2929.11. We note that the sentence was within the statutory limits prescribed by R.C. 2929.14. A trial court has broad discretion in sentencing within the statutory limits. State v. Cassidy
(1984), 21 Ohio App.3d 100, 102. In the present case, the trial court made the necessary findings to sentence defendant to a term of imprisonment, and we find no abuse of discretion in the court's failure to impose a lesser sanction.
In support of his contention that the trial court erred by imposing consecutive sentences, defendant cites R.C.2929.14(E)(4), which states:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Defendant argues that the trial court failed to make adequate findings regarding its reasons for imposing consecutive sentences. We disagree.
The record of the sentencing hearing indicates that the trial court stated the reasons in support of the sentence imposed. Specifically, the court made findings regarding defendant's past criminal history and the fact that he had not responded favorably to probation or parole, as well as noting that defendant was "under court sanction or under post-release control or parole when the offense was committed." The court further expressed concern at the hearing regarding the seriousness of defendant's conduct and the threat to the public posed by defendant who, despite being on probation, made a decision to obtain a loaded weapon and carry it in public. Where a trial court makes a warranted finding under R.C.2929.14(E)(4) and states its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c), "the decision to impose consecutive sentences is a matter committed to the trial court's sentencing discretion." State v. Haines (Oct. 29, 1998), Franklin App. No. 98AP-195, unreported (1998 Opinions 4899, 4908). Based on the record in this case, we conclude that the trial court made sufficient findings to support the imposition of consecutive sentences under R.C. 2929.14, and we find no abuse of discretion.
Accordingly, defendant's second assignment of error is overruled.
Based upon the foregoing, defendant's first and second assignments of error are overruled and the judgments of the trial court are hereby affirmed.
Judgments affirmed.
BOWMAN and McCORMAC, JJ., concur.
McCORMAC, retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.