JOURNAL ENTRY OPINION
Defendant-appellant, Efrain Cardona, appeals his conviction and sentence in the Cuyahoga County Court of Common Pleas, entered upon his guilty plea to two counts of attempted rape, four counts of gross sexual imposition, and one count of bribery.
Appellant assigns three assignments of error for our review:
 I. THE TRIAL COURT ERRED WHEN IT NEGLECTED TO FOLLOW THE STATUTORY MANDATES IN IMPOSING CONSECUTIVE SENTENCES UPON APPELLANT.
 II. APPELLANT WAS DENIED DUE PROCESS OF LAW SINCE THE TRIAL COURT FAILED TO PROPERLY ASCERTAIN PURSUANT TO CRIM.R. 11 THAT DEFENDANT'S PLEAS WERE KNOWINGLY AND INTELLIGENTLY MADE.
 III. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL PRIOR TO ENTERING HIS GUILTY PLEA, UPON ENTERING HIS GUILTY PLEA, AND AT SENTENCING.
 I.
The record reflects that on December 23, 1996, the Cuyahoga County Grand Jury indicted appellant on thirty-eight counts. Counts one through thirty-six of the indictment involved a single victim under the age of thirteen and charged appellant with rape, felonious sexual penetration and gross sexual imposition, in violation of R.C. 2907.02, R.C. 2907.12 and 2907.05, respectively. Count thirty-seven of the indictment charged appellant with gross sexual imposition, in violation of R.C.2907.05, involving another victim under the age of thirteen. Count thirty-eight charged appellant with bribing a witness, in violation of R.C. 2921.02.
On November 12, 1997, pursuant to a plea agreement, the state amended counts one, two, twenty-six, twenty-seven and thirty-six. The state amended counts one and two by adding the attempt statute and amending the dates of occurrence to March 1, 1995 through June 30, 1996. The state similarly amended the dates of occurrence regarding counts twenty-six and twenty-seven to March 1, 1995 to June 30, 1996. Finally, the state amended the dates of occurrence regarding count thirty-six to July 1, 1996 through December 5, 1996. Accordingly, as amended, counts one, two, twenty-six and twenty-seven charged appellant with offenses occurring prior to the enactment of Senate Bill 2 and counts thirty-six, thirty-seven and thirty-eight charged appellant with offenses occurring after the enactment of Senate Bill 2.
The record reflects that at the hearing, the prosecutor read each count to be amended and identified the amendments to be made to each count. In addition, the prosecutor reviewed the potential penalties for each offense. The state then nolled the remaining charges.
Appellant then pled guilty to amended counts one, two, twenty-six, twenty-seven and thirty-six and counts thirty-seven and thirty-eight as indicted. The trial court then engaged in the following colloquy with appellant:
 COURT: Have you heard what has been said by the Prosecutor and by your attorney?
APPELLANT: Yes, I have.
COURT: Did you understand what was said?
APPELLANT: Yes, your Honor.
COURT: Do you understand?
APPELLANT: Yes, your Honor.
* * *
 COURT: And do you understand that you do have the right to a trial of your case before a jury, or you may waive or give up that right to have a trial by jury and, yet, have a full and complete trial before a judge; at and during such a trial, you would be presumed, under the law, to be innocent until and unless guilt is proven beyond a reasonable doubt; is that clear to you, sir?
APPELLANT: Yes, your Honor.
 COURT: Do you understand that you have a right, during your trial, to take the witness stand and testify, or speak in your own defense?
 You cannot be compelled or forced to testify. You may remain silent during the trial. The fact of such a silence cannot be commented upon in the presence of your jury.
 You have a right, during your trial, to have your attorney present with you throughout a trial, conducting a trial on your behalf. If you are without funds with which to hire an attorney, one can be appointed by the Court to represent you and to then be paid at State's expense for work on your behalf during the trial of your case; do you understand that, sir?
APPELLANT: Yes, your Honor.
 COURT: You have a right to compulsory process to require the appearance of defense witnesses during your trial. You have a right to face your accusers, in open court, during the trial, through cross-examination; do you understand all of these things?
APPELLANT: Yes, your Honor.
 COURT: Are you on probation or parole to this court or any other court in any other case?
APPELLANT: No, your Honor.
 COURT: Do you understand, as a consequence of your pleas of guilt, you will have thereby waived your right to trial, together with all the rights I have explained to you; is that clear to you?
APPELLANT: Yes, your Honor.
The trial judge then reviewed each of the crimes to which appellant was pleading guilty and the potential penalties for each with appellant. Appellant acknowledged to the trial judge that he understood each offense and the potential penalties and then pled guilty to the offenses. The trial judge then asked appellant:
 COURT: Are your guilty pleas completely free and voluntary and made of your own free will?
APPELLANT: Yes, your Honor.
 COURT: Are you entering your guilty pleas knowingly this morning?
APPELLANT: Yes, your Honor.
COURT: And are you doing this intelligently?
APPELLANT: Yes, your Honor.
 COURT: And are you entering your guilty pleas with a full understanding of the possible consequences of your pleas of guilt?
APPELLANT: Yes, your Honor.
 COURT: All right. The Court accepts the pleas of guilt * * *.
On February 5, 1998, before the trial court sentenced appellant, the trial judge asked appellant if he wanted to say anything on his own behalf. Appellant responded:
 Your Honor, I feel good hearing some of the things, but most-of these things are all lies and stuff so therefore, I'm going to leave it up to you and also about that money, that money was given to this lady for her sister. Her sister was supposed to leave for Puerto Rico. She asked me for that money way back before that and when I gave her the money, that's when all these charges come up. Then her aunt come and said that I gave her this money, yes, and she said she wanted to clarify that money to the Court if I am not mistaken, that's what she has been telling me. I don't know.
The trial court then sentenced appellant as follows:
 As to the two counts of attempted rape, the Court imposes a five to fifteen years sentence. Those sentences are consecutive to each other. As to the two counts. of, as to the four counts of gross sexual imposition, the Court imposes a two-year sentence as to each count. Those sentences are consecutive to each other. As to the bribery count, the Court imposes a five year sentence: That sentence is consecutive to all other sentences imposed. You are remanded to the sheriff for the execution of sentence. That's all.
 II.
In his first assignment of error, appellant contends that the trial court erred in sentencing him regarding counts thirty-six, thirty-seven and thirty-eight. Specifically, appellant argues that in order to impose consecutive sentences for these post-Senate Bill 2 counts, the trial court was obliged to follow the statutory mandates for imposing consecutive sentences set forth in R.C. 2929.14(E).
R.C. 2929.14(E)(4) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single court of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Thus, pursuant to R.C. 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Moreover, under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences.
Here, the trial court did not make the necessary findings on the record to satisfy the criteria imposed by R.C. 2929.14(E)(4). It is not enough, as the state argues, that the record before the trial court "adequately supports" the imposition of consecutive sentences. Rather, as is apparent from the statutory language of R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), the trial court must make a record at the sentencing hearing that confirms that the trial court's decision-making process included all of the statutorily required sentencing considerations. See State v.Edmonson (1999), 86 Ohio St.3d 324.
Appellant's first assignment of error is well-taken. The sentences imposed by the trial court on counts thirty-six, thirty-seven and thirty-eight are vacated and the cause is remanded to the trial court for re-sentencing in accordance with our opinion.
 III.
In his second assignment of error, appellant contends that the trial court failed to comply with the requirements of Crim.R. 11(C).
Crim.R. 11(C) provides, in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilty beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
The underlying purpose of Crim.R. 11(C) is to convey certain information to the defendant in order to allow him or her to make a voluntary and intelligent decision regarding whether or not to plead guilty. State v. Ballard (1981), 66 Ohio St.2d 473,479-480.
In determining whether the trial court has satisfied its duties, reviewing courts have distinguished constitutional and non-constitutional rights. Ballard, supra; State v. Stewart
(1977), 51 Ohio St.2d 86, 93; State v. Gibson (1986), 34 Ohio App.3d 146,147. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engages in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." Ballard, supra at paragraph two of the syllabus.
Under the broader standard for rights not protected by the constitution, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and whether the defendant subjectively understood the implications of his plea and the nature of the rights he or she was waiving. State v. Nero (1990), 56 Ohio St.3d 106, 108;Stewart, supra at 93. The Ohio Supreme Court has observed that there is no easy or exact way to determine what someone subjectively understands. State v. Carter (1979), 60 Ohio St.2d 34,38. Accordingly, "if the defendant receives the proper information, then we can ordinarily assume that he understands that information. [In deciding whether the defendant had the required information], we look at all the particular facts and circumstances surrounding the case." Id. at 38.
Appellant argues that his plea was not knowingly and intelligently made because he has a limited education and limited understanding of the English language. Consequently, appellant contends, he did not understand either the nature or the effect of his plea.
The record, however, belies appellant's argument. The record is unequivocally clear that the trial court instructed appellant regarding his rights and elicited his response that he understood those rights and was willing to waive them. Neither appellant nor his counsel ever suggested to the trial court that appellant did not understand a particular question or even the nature or purpose of the hearing. Indeed, appellant's explanation to the trial court at the sentencing hearing regarding the alleged events that led to the bribery charge demonstrates that appellant is able to both understand and speak the English language. Accordingly, we find no merit to appellant's argument that, even though he never requested an interpreter, the trial court should have appointed one for him.
The record also refutes appellant's assertion that the trial court did not apprise him of the maximum potential sentence that he could receive for each offense. Contrary to appellant's argument, the record is clear that the trial judge instructed appellant regarding the maximum potential sentence for each count before he pled guilty.
We find, therefore, that the requirements of Crim.R. 11(C)(2) were satisfied and appellant's guilty plea was knowingly, intelligently and voluntarily made.
Appellant's second assignment of error is overruled.
 IV.
In his third assignment of error, appellant argues that he was denied his constitutionally guaranteed right to effective assistance of counsel because his trial counsel did not request that an interpreter be appointed for him and did not object at the sentencing hearing to the court's imposition of consecutive sentence on counts thirty-six, thirty-seven and thirty-eight.
As explained by the Ohio Supreme Court in State v. Campbell
(1994), 69 Ohio St.3d 38, 43:
 A defendant who claims ineffective assistance must show deficient performance by counsel and resulting prejudice. Strickland v. Washington
(1984), 466 U.S. 668. The performance inquiry requires the court to ask whether, considering all the circumstances, "counsel's representation fell below an objective standard of reasonableness." Id. at 688. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id.
at 689. The prejudice inquiry "is whether there is a reasonable probability that, absent the error, the factfinder would have" acquitted the defendant * * *. Id. at 695. "A reasonable probability is a probability sufficient to undermine confidence in an outcome." Id. at 694.
We have already determined that there was no need for the trial court to appoint an interpreter for appellant. Therefore, appellant was not prejudiced by trial counsel's failure to request one.
Moreover, we do not find appellant's counsel's single error of failing to object to the trial court's imposition of consecutive sentence without making the requisite findings to support such a sentence so deficient as to render counsel's performance constitutionally defective.
Appellant's third assignment of error is overruled.
This cause is affirmed in part, vacated in part and remanded for resentencing for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellee and appellant equally share the costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE
 PATRICIA A. BLACKMON, J. and ANNE L. KILBANE, J., CONCUR.