JOURNAL ENTRY AND OPINION
Thomas Jones appeals from a judgment of the common pleas court finding him guilty following his pleas to the crimes of aggravated murder and murder with a firearm specification, in connection with the shooting deaths of Ricardo Mitchell and Terrence Nettles. After reviewing the record before us, we conclude that the trial court did not err and therefore affirm the decision of the court.
The record in this case reveals that on August 20, 1995, fifteen-year-old Jones, the rear passenger in a parked car, shot and killed Ricardo Mitchell and Terrence Nettles, who had been sitting in the front seat of the same car. A witness, who had been sitting on the front porch of a house across the street from the parked car, identified Jones as the gunman, assisted the men who had been shot, and heard the driver state he had been shot by "Tommy".
The juvenile court arraigned Jones on September 6, 1994 on two counts of aggravated murder; each count included a firearm specification. Thereafter, on September 27, 1994, the juvenile court found probable cause to believe that Jones committed these acts and that they would be felonies if committed by an adult. Subsequently, on November 2, 1994, the court conducted an amenability hearing pursuant to Juvenile Rule 30 and, on November 4, 1994, transferred Jones to the jurisdiction of the general division of the common pleas court. On November 23, 1994, the grand jury indicted him on two counts of aggravated murder. Subsequently, Jones entered a plea of guilty to one count of aggravated murder and one count of murder, with a firearm specification. The court accepted these pleas and sentenced him to life imprisonment with eligibility of parole after serving twenty years of imprisonment and to a concurrent term of fifteen years to life with a three year firearm penalty to be served prior to and consecutive with the latter sentence.
Jones has now filed a delayed appeal setting forth three assignments of error for our consideration.
The first states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO QUASH THE INDICTMENT PURSUANT TO A DEFENSE MOTION BASED UPON THE JUVENILE COURT'S FAILURE TO GRANT A CONTINUANCE TO ALLOW THE DEFENSE TO PROPERLY REVIEW THE APPELLANT'S MENTAL EXAMINATION AND TO PROCURE AN INDEPENDENT EVALUATION.
Jones claims the court erred when it denied his motion to continue at the bind-over hearing because it did not provide his counsel a copy of the physical and mental examination performed on him until the night prior to the hearing.
The state maintains the issue is moot because the juvenile court afforded defense counsel an opportunity to renew his motion to continue at the conclusion of the amenability hearing if his client, Jones, had not been satisfied with his preparation time. The state further maintains that no motion for continuance had been made or renewed at the conclusion of the amenability hearing.
The issue, then, presented for our review is whether the court abused its discretion when it denied Jones' motion to continue.
In State v. Beuke (1988), 38 Ohio St.3d 29, the court stated:
 The granting of a continuance is a matter within the sound discretion of the trial court, and will be disturbed on appeal only if there has been an abuse of discretion.
 Further, in State v. Unger (1981), 67 Ohio St.2d 65, the court stated:
 In determining whether the trial court has abused its discretion, appellate courts should apply a balancing test which takes cognizance of all the competing considerations.
* * *
 In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. (Citations omitted).
At oral argument before our court, Jones' counsel conceded that no motion to renew had been made and agreed with the state on this issue. Accordingly, this assignment of error is not well taken.
Jones' second and third assignments of error involve the same issues and therefore will be discussed together.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY ACCEPTING APPELLANT'S INVALID PLEA.
 III. A GUILTY PLEA INDUCTED (SIC) BY PROMISES AND THREATS WHICH DEPRIVE IT OF THE CHARACTER OF A VOLUNTARY ACT IS VOID UNDER THE OHIO CONSTITUTION AND UNITED STATES CONSTITUTION.
Jones maintains that the court failed to inform him of his constitutional rights as mandated by Crim.R. 11, and also failed to define the nature of the offenses for him, and in particular to define the element of prior calculation and design, and urges that his defense counsel failed to adequately represent him by inducing him to enter into the plea agreement.
The state, however, maintains that the court substantially complied with Crim.R. 11, that the prosecutor fully explained the charges as amended, and that Jones cannot prove that absent counsel's actions, he would have proceeded to trial.
The issue presented for our review, then, is whether Jones freely and voluntarily entered a guilty plea.
Crim.R. 11 (C) (2) states in pertinent part:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and doing all of the following:
 (a) Determining whether the defendant is making the plea voluntarily, with understanding the nature of the charges and the maximum penalty involved * * *
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial * * * *.
Additionally, we have previously held that Crim.R. 11 (C) (2) only requires the court to apprise an accused of the nature of the crime charged, not the substantive elements. See State v.Johnson (March 2, 1989), Cuyahoga App. No. 55751, unreported, and the cases cited therein.
The court in State v. Colbert (1991), 71 Ohio App.3d 734
stated:
 In relation to the constitutional rights, Ohio courts have held that strict compliance with the dictates of Crim.R. 11 (C) is necessary before it can be determined that the plea was given knowingly. See State v. Gibson (1986), 34 Ohio App.3d 146.
 However, the court in State v. Ballard (1981), 66 Ohio St.2d 473
stated:
 * * * [W]e hold that a rote recitation of Crim.R. 11 (C) is not required, and failure to use the exact language of the rule is not fatal to the plea. Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to the defendant.
 Further, the court in State v. Piacella (1971), 27 Ohio St.2d 92, stated in its syllabus:
 Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.
A review of the record before us further demonstrates that the following dialogue took place between the court and Jones:
 THE COURT: Mr. Jones, I'm sure your very able criminal trial attorneys have explained to you all of your constitutional rights, although the Court's required to re-explain these rights to you, these being the rights you have that you give up when you enter a plea of guilty. You understand?
* * *
 THE COURT: The Court wants you to know that you need not plead guilty to anything. * * * Do you understand that?
* * *
THE DEFENDANT: Yeah.
The court went on to explain Jones' constitutional rights, that he did not have to enter a guilty plea, and that he is entitled to a jury trial if he wanted one. Additionally, the court stated:
 THE COURT: Has any threats or promises of any kind been made to you other than what's been stated on the record?
THE DEFENDANT: No.
* * *
 THE COURT: You're doing this freely, intelligently, voluntarily after conferring with your attorneys and your parents, correct?
THE DEFENDANT: Yes.
Accordingly, we cannot conclude the trial court erred in accepting these pleas.
Regarding the claim of ineffective assistance of counsel, we are guided by the test set forth in Strickland v. Washington
(1984), 466 U.S. 687, which states:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.
In order to prevail, Jones must demonstrate that his counsel had been deficient and that the result of the trial would have been different, but for counsel's performance. Here, Jones has failed to demonstrate either.
Accordingly, we have concluded that Jones entered a knowing, intelligent and voluntary plea and the court did not err when it accepted it. Further, we conclude that Jones has failed to satisfy the Strickland test and therefore, these assignments of error are not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ______________________________ TERRENCE O'DONNELL PRESIDING JUDGE