JOURNAL ENTRY AND OPINION
Lonnie Patrick appeals from his guilty pleas and corresponding sentences for receiving stolen property and attempted grand theft. On appeal, he contends for the first time that the trial court failed to comply with Crim.R. 11(C)(2)(a) because he did not understand the nature of the charges against him; he also argues that the trial court erred in imposing sentence because the record does not support the court's findings as to maximum and consecutive sentences. In his supplemental pro se brief, Patrick also challenges his consecutive seventeen-month and twelve-month sentences. After careful review of the record, we affirm Patrick's guilty pleas and the aggregate twenty-nine month sentence imposed by the trial court in this case.
The record before us reveals that on November 9, 1999, a grand jury indicted Patrick and his co-defendant, Alexander Berry, for grand theft of a motor vehicle, attempted grand theft of a motor vehicle, possession of criminal tools, and possession of crack cocaine. As part of a subsequent plea agreement, Patrick pled guilty to an amended indictment for receiving stolen property (motor vehicle) in count one and attempted grand theft of a motor vehicle in count two; the state dismissed the remaining counts.
On August 21, 2000, the trial court sentenced Patrick to a prison term of seventeen months on count one consecutive with a maximum sentence of twelve months on count two. Patrick now appeals, presenting four assignments of error for review. In the first, Patrick's appellate counsel challenges the court's acceptance of his guilty plea:
 THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILTY AS IT WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY.
Under this assignment of error, Patrick complains that he did not understand the nature of the charges against him. The state counters by citing portions of the transcript which, according to the state, indicate otherwise.
Crim.R. 11(C)(2)(a) provides:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation. (Emphasis added.)
In relation to the constitutional rights, Ohio courts have held that strict compliance with the dictates of Crim.R. 11(C) is necessary before it can be determined that the plea was given knowingly. State v. Colbert (1991), 71 Ohio App.3d 734, 737, citing State v. Gibson (1986),34 Ohio App.3d 146. For nonconstitutional rights, however, scrupulous adherence to Crim.R. 11(C) is not required; rather, the trial court must substantially comply with the provisions of Crim.R. 11. See State v. Moore (Jan. 20, 2000), Cuyahoga App. No. 75652, unreported, citing State v. Stewart (1977), 51 Ohio St.2d 86.
[C]ourts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges. State v. Mullins (Dec. 7, 2000), Cuyahoga App. No. 77513, unreported, citing State v. Kavlich (June 15, 2000), Cuyahoga App. No. 77217, unreported, citing State v. Rainey (1982), 3 Ohio App.3d 441, 442; State v. Swift (1993), 86 Ohio App.3d 407,412, State v. Aponte (Mar. 9, 2000), Franklin App. Nos. 99AP-695, 99AP-696, unreported; State v. Burks (Nov. 13, 1997), Cuyahoga App. No. 71904, unreported.
As this court noted in State v. Williams (Nov. 22, 2000), Cuyahoga App. No. 77437, unreported:
 It is clear that the trial court need not inform the defendant of each element of the offense, but rather need only ensure that he understands the charge brought against him.
 See State v. Rainey (1982), 3 Ohio App.3d 441, 442, 446 N.E.2d 188; State v. Swift (1993), 86 Ohio App.3d 407, 412, 621 N.E.2d 513. The court's determination that a defendant understands the charge can be based on the surrounding circumstances, such as recitations of discussions between the defendant and his attorney.
The issues raised in this assignment of error are analogous to those raised in State v. Philpott (Dec. 14, 2000), Cuyahoga App. No. 74392, unreported. In Philpott, this court presumed the defense counsel informed the defendant about the nature of the charges and, absent an indication of confusion on the part of the defendant, this presumption satisfied the requirements of Crim.R. 11(C)(2)(a).
The totality of the circumstances surrounding this case demonstrates that Patrick understood the nature of the charges against him. Although the court did not list the elements of the charges against Patrick, it stated the identity of the charges, viz., receiving stolen property (motor vehicle) and attempted grand theft of a motor vehicle; it informed him of the potential penalties for each count; and it fully informed him of his constitutional rights (Tr. 16-19.)
From our review of the entire record, we note that Patrick has an extensive history of serving prison time for similar convictions, including: (1) a one-year prison term for attempted grand theft of a motor vehicle on October 28, 1989; (2) a six-month term for attempted receiving stolen property involving the theft of a motor vehicle on December 21, 1989; (3) a one-year term for attempted grand theft on November 4, 1990; (4) a two-year term for receiving stolen property involving a motor vehicle on May 9, 1992; and (5) an eighteen-month term for receiving stolen property involving a motor vehicle on July 25, 1995. Under these circumstances, Patrick's suggestion that he did not understand the nature of the charges against him in connection with the crimes of receiving stolen property and attempted grand theft of motor vehicles is disingenuous and not well taken. Nothing contained in the record demonstrates any confusion in the mind of the defendant either at the time of his plea or sentencing hearings, nor did his counsel at any time ask to withdraw the plea. Similar to our decision in Philpott, supra, we have concluded that the record indicates no confusion on Patrick's part and that he fully understood the nature of the crimes of which he has been convicted, in part, based upon his previous convictions for similar offenses.
Based on the totality of the circumstances, the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11(C)(2)(a) because Patrick understood the nature of the charges against him. Accordingly, the court properly accepted Patrick's guilty pleas and, therefore, we reject this assignment of error.
In the second assignment of error, Patrick's appellate counsel challenges the imposition of consecutive sentences and of a maximum sentence on count two. In his supplemental pro se brief, Patrick raises two assignments of error also challenging the imposition of an aggregate twenty-nine month sentence. These assignments of error state:
 THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S FINDINGS TO SUPPORT MAXIMUM OR CONSECUTIVE SENTENCES.
 [THE] TRIAL COURT ERRED IN IMPOSING OVER THE MAXIMUM PRISON TERM ALLOWED FOR THE MOST SERIOUS OFFENSE OF WHICH APPELLANT WAS CONVICTED.
 [THE] TRIAL COURT ERRED IN SENTENCING APPELLANT TO TWO PRISON TERMS FOR THE SAME ACT, TRANSACTION, AND/OR CASE.
Initially, Patrick's counsel argues that the record does not support the imposition of consecutive sentences, urging in particular that the record does not support a finding that Patrick's history of criminal conduct demonstrates a need for consecutive sentences to protect the public.
At the sentencing hearing, the court stated:
 You have an attempted grand theft dated back to age 18, 1989, which you did time on.
 And another case also from that age. You got attempted grand theft, age 19; a receiving stolen property, age 20; aggravated assault, age 21; receiving stolen property, age 23; and the instant offense that we're here today on.
 Therefore, I find that you have served a prior prison term. You keep committing the same type of theft offenses. And, therefore, I feel a long sentence is necessary in order to protect the public from your committing this type of crime.
 On Count one I sentence you to 17 months at LCI. And count two I'm going to sentence you to 12 months at the Lorain Correctional Institution. And because recidivism is likely, I'm going to order that time to be run consecutive.
(Tr. 37-38.)
After a review of the sentencing hearing, we have concluded that the record supports the trial court's finding regarding Patrick's history of criminal conduct which demonstrates a need to protect the public by imposing consecutive sentences in this case.
Patrick's appellate counsel also claims that the court failed to make the requisite findings under R.C. 2929.14(C) prior to imposing the maximum twelve-month sentence on count two. R.C. 2929.14 states:
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section. (Emphasis added.)
Patrick's counsel argues that a sentencing court can only impose a maximum term on offenders who commit the worst form of the offense; however, R.C. 2929.14(C) provides other categories of offenders which, upon proper findings, will justify a maximum sentence. Here, the trial court made such a finding regarding Patrick's likelihood of recidivism, and thus, the record demonstrates the court complied with R.C. 2929.14(C) when it imposed a maximum twelve-month sentence for attempted grand theft of a motor vehicle. In his pro se supplemental brief, Patrick argues that a sentencing court cannot impose an aggregate sentence greater than the maximum sentence for the most serious offense, as for example in this case eighteen months for the fourth degree felony of receiving stolen property. However, R.C. 2929.14(E)(4), supra, expressly vests discretion in the trial court to impose consecutive sentences, provided that the court makes the necessary findings. We have already concluded that the trial court satisfied these provisions, and therefore, this argument is not well taken.
Patrick finally contends that his two convictions arose from the same act or transaction and, therefore, the court should have only sentenced him to one prison term. Implicit in this argument is Patrick's belief that receiving stolen property and attempted grand theft charges are allied offenses of similar import in this case.
The allied-offense statute, R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In State v. Nicholas (1993), 66 Ohio St.3d 431, 434, the court applied the following two-step analysis for determining whether multiple crimes constitute allied offenses of similar import:
 In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. (Emphasis added.)
In Nicholas, the court set forth a disjunctive test, i.e., that a defendant may be convicted of multiple offenses if the court finds either that: (1) the crimes were committed separately; or (2) there was a separate animus for each crime. In this case, the receiving stolen property charge involved a 1991 Chevrolet owned by David Ward; the attempted grand theft charge involved a different 1991 Chevrolet owned by Maria Magnelli. These charges involved different vehicles, and these crimes were committed separately and with a separate animus as to each owner. As such, these are not allied offenses of similar import.
Accordingly, we have determined that the court properly imposed consecutive sentences for the separate offenses of receiving stolen property and attempted grand theft. Therefore, we overrule these assignments of error and affirm the judgment of the trial court imposing an aggregate twenty-nine month sentence in this case.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J. CONCURS. DIANE KARPINSKI, A.J., CONCURS IN PART AND DISSENTS IN PART, WITH SEPARATE OPINION ATTACHED.