JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Franklin Williams, appeals the judgment of the Cuyahoga County Common Pleas Court, rendered after a guilty plea, finding him guilty of attempted robbery, in violation of R.C.2911.02/2923.02, and sentencing him to one year incarceration.
 {¶ 2} The record reflects that in February 2002, the Cuyahoga County Grand Jury indicted appellant on one count of robbery, in violation of R.C. 2911.02; a second degree felony with a possible term of incarceration of two to eight years. The indictment arose out of appellant's attempt to steal ten cans of baby formula from a grocery store. Appellant pled not guilty to the indictment.
 {¶ 3} Shortly after trial commenced, and pursuant to a plea agreement with the State, appellant pled guilty to an amended count of attempted robbery, a third degree felony with a possible term of one to five years incarceration and a possible fine.
 {¶ 4} The trial court accepted appellant's guilty plea, found him guilty and sentenced him to one year incarceration.
 {¶ 5} Appellant now appeals, raising two assignments of error for our review.[1]
 {¶ 6} In his third assignment of error, appellant contends that the trial court erred by not informing him, prior to his guilty plea, that he was not eligible for probation. Appellant contends that had he known the offense was not probationable, he would not have pled guilty.
 {¶ 7} The record, however, belies appellant's argument. The record reflects that the prosecutor clearly explained the potential penalties for aggravated robbery at the plea hearing:
 {¶ 8} "At this time the State would ask to amend the indictment to include the attempt section pursuant to Revised Code 2923.02. In so doing, that would reduce the level of offense from a felony of the second degree, which carries a possible term of incarceration of two to eight years. This would reduce the offense to a felony of the third degree, which would require a possible term of incarceration of one, two, three, four or five years, and carries a possible discretionary fine up to $10,000. Your Honor, the State also had discussions with defense counsel and the Court, and I believe the Court is going to proceed to sentencing after the plea is taken today, and the State would agree to a minimum sentence in this case.
 {¶ 9} "THE COURT: Okay. So a one year sentence.
 {¶ 10} "THE PROSECUTOR: Yes, your Honor.
 {¶ 11} "THE COURT: All right. Mr. Nici, is that your understanding?
 {¶ 12} "DEFENSE COUNSEL: That is, your Honor. We are going to enter a guilty plea, knowingly, intelligently, voluntarily."
 {¶ 13} Subsequently, before the trial court accepted appellant's guilty plea, the trial judge reviewed the penalties with appellant:
 {¶ 14} "THE COURT: Do you understand you have — the offense to which [it] is proposed you are pleading guilty to, as well as the penalties?
 {¶ 15} "THE DEFENDANT: Yes, ma'am.
 {¶ 16} "THE COURT: I will review it with you. It is proposed you will plead guilty to the amended single count attempted robbery, a violation of 2932.02 and 2911.02. As amended, this is a felony of the third degree, punishable by one to five years in prison, a fine of up to $10,000, or both, do you understand that?
 {¶ 17} "THE DEFENDANT: Yes, ma'am.
 {¶ 18} "THE COURT: Do you understand that the State and your attorney have agreed that in fact you will receive a one year sentence?
 {¶ 19} "THE DEFENDANT: Yes, ma'am."
 {¶ 20} It is apparent from the record that appellant understood that he was not eligible for probation and, furthermore, that he would be sentenced to one year incarceration. Appellant's argument that his plea was not knowing, intelligent or voluntary because the trial judge did not inform him that his offense was not probationable is simply specious.
 {¶ 21} Appellant's third assignment of error is overruled.
 {¶ 22} In his fourth assignment of error, appellant contends that the trial court failed to comply with the requirements of Crim.R. 11(C) and, therefore, his plea was not knowingly, intelligently, and voluntarily made.
 {¶ 23} Crim.R. 11(C) provides, in pertinent part:
 {¶ 24} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 25} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 26} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 27} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 28} The underlying purpose of Crim.R. 11(C) is to convey to a defendant certain information so that he or she can make a voluntary and intelligent decision regarding whether or not to plead guilty. State v.Olds (June 8, 2000), Cuyahoga App. No. 76240, citing State v. Ballard
(1981), 66 Ohio St.2d 473, 479-480.
 {¶ 29} In determining whether the trial court has satisfied its duties, reviewing courts have distinguished constitutional and non-constitutional rights. Id.; State v. Stewart (1977), 51 Ohio St.2d 86,93; State v. Gibson (1986), 34 Ohio App.3d 146, 147. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." Ballard, supra, at paragraph two of the syllabus.
 {¶ 30} Under the broader standard for rights not protected by the constitution, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and whether the defendant subjectively understood the implications of his or her plea and the nature of the rights he or she was waiving. State v.Nero (1990), 56 Ohio St.3d 106, 108; Stewart, supra at 93. The Ohio Supreme Court has observed that there is no easy or exact way to determine what someone subjectively understands. State v. Carter (1979),60 Ohio St.2d 34, 38. Accordingly, "if the defendant receives the proper information, then we can ordinarily assume that he understands that information. [In deciding whether the defendant had the required information,] we look at all the particular facts and circumstances surrounding the case." Id. at 38.
 {¶ 31} Appellant contends that his plea was defective because the trial court failed to explain the nature of the crime to him. We disagree.
 {¶ 32} First, neither appellant nor his counsel ever suggested to the trial court that appellant did not understand the nature of the charge against him. Moreover, although the trial court did not explain each element of the offense of attempted robbery to appellant, it is apparent that appellant understood the nature of the charge against him. As quoted above, the record demonstrates that the trial judge asked appellant if he understood the nature of the offense to which he was pleading guilty. Upon appellant's affirmative response, the trial judge then reviewed the offense and its penalties with appellant. Appellant again stated that he understood the offense and the penalties.
 {¶ 33} Moreover, a finding that the trial court had failed to comply with the requirements of Crim.R. 11(C) would not end our inquiry. A defendant who challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made must demonstrate a prejudicial effect. State v. Johnson (1988), 40 Ohio St.3d 130, 133;Stewart, supra at 93. The test is whether the plea would have otherwise been made. Id.; Nero, supra at 108.
 {¶ 34} Here, appellant has failed to demonstrate that he was prejudiced in any way by his plea. Nowhere in his brief does appellant allege that he would not have pled guilty if the trial court had defined each element of the offense of attempted robbery to him. Rather, appellant's argument is that the court did not comply with Crim.R. 11(C) and, therefore his plea was ipso facto involuntary. Without a showing of prejudice, however, appellant's claim fails.
 {¶ 35} Appellant's fourth assignment of error is therefore overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and SEAN C. GALLAGHER, J. concur.
[1] Appellant withdrew assignments of error one and two at oral argument, recognizing that pursuant to R.C. 2951.041 the trial court does not have a duty to advise an offender of his or her right to request treatment in lieu of conviction and a trial court may deny an offender's request for conditional probation without a hearing.