JOURNAL ENTRY AND OPINION
Defendant-appellant, Tavis T. Olds, appeals his conviction and sentence in the Cuyahoga County Court of Common Pleas, entered upon his guilty plea to felonious assault of a police officer. Appellant contends that his plea was not knowingly and voluntarily made because the trial court did not explain the elements of the offense of felonious assault to him before accepting his plea. Appellant also contends that the trial court erred in imposing his sentence because it did not comply with the requirements of R.C.2929.14(C). We disagree and, accordingly, affirm.
 I.
In November 1998, the Cuyahoga County Grand Jury indicted appellant on one count of felonious assault, in violation of R.C.2903.11, with a peace officer specification, and one count of aggravated robbery, in violation of R.C. 2911.01, with a firearm specification. The indictment arose out of an incident on October 15, 1998, when appellant and his brother wrestled a Cuyahoga County Sheriff's deputy to the ground and then repeatedly banged his head on the pavement and kicked him, while attempting to steal the deputy's gun.
At his arraignment, appellant entered a plea of not guilty to both counts of the indictment. Finding appellant to be indigent, the trial court appointed counsel for him.
On the morning of trial, as part of a plea agreement, appellant pled guilty to count one of the indictment — felonious assault of a peace officer — and the second count was nolled.
Before the trial judge accepted appellant's plea, the prosecutor reviewed the count to which appellant would be pleading guilty:
 [I]t is my understanding that the defendant, Tavis Olds, wishes to withdraw his previously entered plea of not guilty and enter a plea of guilty to Count 1 as indicted, and as charged, Count 1 states Tavis Olds on October 15 of 1998 in Cuyahoga County, unlawfully and did knowingly cause serious physical harm to Deputy Randy Iussery.
 This also contains a peace officer specification which states that the grand jurors further find and specify that the offender assaulted a peace officer while in performance of his official duties. Your honor, this is a felonious assault of a peace officer in violation of Ohio Revised Code 2903.11. This is a felony of the first degree on a Senate Bill 2 which carries a presumption of prison with the possible prison term being either 3, 4, 5, 6, 7, 8, 9 or 10 years, a maximum fine of $20,000 and a period of post-release control requirement of five years.
Defense counsel then advised the court that he had reviewed the plea with appellant:
 * * * The defendant at this time wishes to withdraw his previously entered plea of not guilty to both counts of the indictment and to enter a plea to Count 1, the felonious assault count. I advised him of his constitutional rights. I advised him that we're prepared to go to trial this morning. I have been given discovery from the prosecution. I've advised him of what evidence would be presented if we went against him, if we went to trial, and he's making that plea, change of plea, freely of his own free will.
The trial court then engaged in the following colloquy with appellant:
 COURT: * * * Do you understand that by entering this plea as set forth of guilty that you are giving up certain constitutional rights?
APPELLANT: Yes, ma'am.
 COURT: I'll go through each right with you. I want you to answer yes if you do understand.
 To a trial by jury or to a judge. Do you understand that you are giving up the right for a trial today?
APPELLANT: Yeah.
 COURT: By either a jury or to be presided over by myself by pleading.
APPELLANT: Yes.
 COURT: Do you understand that you are giving up, well you have an attorney. Do you understand you are giving up the right to subpoena witnesses to appear and testify in your behalf?
APPELLANT: Yes, I am.
 COURT: Do you understand that you are giving up the right to cross-examine witnesses?
APPELLANT: Yes, I am.
 COURT: Do you understand that you are giving up the right to have the state prove your guilt by evidence beyond a reasonable doubt?
APPELLANT: Yes, I am.
 COURT: Do you understand you are giving up the right to remain silent and not testify and that no one could comment on the fact that you were not testifying at trial?
APPELLANT: Yes.
 COURT: Do you understand the offenses to which you are pleading guilty?
APPELLANT: Yes, ma'am.
 COURT: Okay, just for the record, would you like to tell me as you understand what you just plead to? Not legalese but just general.
APPELLANT: That I assaulted the peace officer.
COURT: Okay, you understand this is a felony —
APPELLANT: Yes, ma'am.
 COURT: — of the first degree? You don't need to understand the legal ramifications but I just want to know if you understand the possible penalties as outlined by the prosecutor.
APPELLANT: Three to ten years, right?
 * * *
COURT: You can answer yes or no.
APPELLANT: Yes.
The trial judge then asked appellant:
 How do you plead to the charge of felonious assault with a peace officer specification?
Appellant responded, Guilty. I plead guilty.
At the sentencing hearing, the trial court sentenced appellant to nine years of imprisonment. The trial judge stated:
 I * * * reviewed the law, pursuant to Ohio Revised Code Section 2929.14, and it is my holding, after hearing the seriousness of this offense, that it would demean the seriousness of the offense and not adequately protect the community to impose a minimum sentence.
 This is an individual who seriously caused physical harm to a police officer, Deputy Iussery, who was on the ground, and he continued to be kicked in the head, and continued to be pounded against the pavement, and there has been no remorse, to date, shown for these actions; and, I believe this is the worst form of offense because Deputy Ussery was merely there trying to protect our community from any harm that might arise.
Appellant timely appealed, assigning two assignments of error for our review:
 I. THE TRIAL COURT ERRED BY ACCEPTING A PLEA OF GUILTY WHEN THE DEFENDANT HAD NOT BEEN FULLY INSTRUCTED AS TO HIS CONSTITUTIONAL RIGHTS.
 II. THE TRIAL COURT IMPOSED A SENTENCE NOT IN ACCORD WITH THE GUIDELINES OF § 2929.14(C).
 II.
In his first assignment of error, appellant argues that the trial court failed to comply with the requirements of Crim.R. 11(C).
Crim.R. 11(C) provides, in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
The underlying purpose of Crim.R. 11(C) is to convey to a defendant certain information so that he or she can make a voluntary and intelligent decision regarding whether or not to plead guilty. State v. Ballard (1981), 66 Ohio St.2d 473, 479-480.
In determining whether the trial court has satisfied its duties, reviewing courts have distinguished constitutional and non-constitutional rights. Ballard; supra; State v. Stewart (1977), 51 Ohio St.2d 86, 93; State v. Gibson (1986), 34 Ohio App.3d 146,147. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights in a manner reasonably intelligible to that defendant. Ballard, supra, at paragraph two of the syllabus.
Under the broader standard for rights not protected by the constitution, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and whether the defendant subjectively understood the implications of his or her plea and the nature of the rights he or she was waiving. State v. Nero (1990), 56 Ohio St.3d 106, 108; Stewart, supraat 93. The Ohio Supreme Court has observed that there is no easy or exact way to determine what someone subjectively understands. State v. Carter (1979), 60 Ohio St.2d 34, 38. Accordingly, if the defendant receives the proper information, then we can ordinarily assume that he understands that information. [In deciding whether the defendant had the required information], we look at all the particular facts and circumstances surrounding the case. Id. at 38.
R.C. 2903.11(A)(1) provides that No person shall knowingly cause serious physical harm to another or to another's unborn. A violation of this section constitutes the offense of felonious assault. Appellant contends that because the trial court did not define the essential elements of knowingly and serious physical harm for him before accepting his plea, he did not know whether or not his conduct actually constituted the offense of felonious assault. Therefore, appellant contends, he did not understand the nature of the charge against him and, consequently, his plea was not knowingly and intelligently made.
The record, however, belies appellant's argument. First, neither appellant nor his counsel ever suggested to the trial court that appellant did not understand the nature of the charges against him. Moreover, although the trial court did not explain each element of the offense of felonious assault to appellant, it is apparent that appellant understood the nature of the charge against him. When the trial judge specifically asked appellant, Do you understand the offenses to which you are pleading guilty? appellant responded, Yes, ma'am. Then, when the trial judge asked appellant to tell her in general terms what offense he was pleading to, appellant responded, that I assaulted the peace officer. Appellant clearly understood that he was pleading guilty to the offense of felonious assault upon Deputy Iussery.
The record also clearly reflects that appellant understood the maximum penalty for the offense of felonious assault, the effect of his guilty plea and the constitutional rights he was waiving by making a plea of guilty. We find, therefore, that the trial court satisfied the requirements of Crim.R. 11(C) before accepting appellant's guilty plea.
Moreover, even a finding that the trial court had failed to comply with the requirements of Crim.R. 11(C) would not end our inquiry. A defendant who challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made must demonstrate a prejudicial effect. State v. Johnson (1988),40 Ohio St.3d 130, 143; State v. Stewart (1977), 51 Ohio St.2d 86, 93. The test is whether the plea would have otherwise been made. Id.; Nero, supra at 108.
Here, appellant has failed to demonstrate that he was prejudiced in any way by his plea. Nowhere in his brief does appellant allege that he would not have pled guilty if the trial court had defined each element of the offense of felonious assault to him. Rather, appellant's argument is that the court did not comply with Crim.R. 11(E) and, therefore, his plea was ipso facto involuntary. Without a showing of prejudice, however, appellant's claim fails.
Moreover, the record suggests that appellant was not at all prejudiced by his plea. As part of the plea agreement, the state nolled count two of the indictment against appellant. This arrangement was advantageous to appellant because it removed from sentencing consideration of an additional charge which, upon conviction, could have resulted in additional prison time. See R.C. 2911.01; R.C. 2929.14; R.C. 2929.18.
Appellant's first assignment of error is overruled.
 III.
In his second assignment of error, appellant contends that the trial court did not comply with the requirements set forth in R.C.2929.14(C) regarding sentencing an offender to the maximum sentence. Appellant contends that the trial court confused the requirements of R.C. 2929.14(B), which apply when a trial court is sentencing an offender to other than the minimum sentence, with the requirements of R.C. 2929.14(C), which apply when a trial court is sentencing an offender to the maximum sentence. We disagree.
Appellant pled guilty to felonious assault with a peace officer specification, in violation of R.C. 2903.11. Pursuant to R.C. 2903.11(B), the offense is a felony of the first degree. R.C.2929.14(A)(1) sets forth the sentencing guidelines applicable to first-degree felonies, allowing prison terms of three to ten years.
Pursuant to R.C. 2929.14(B), if a defendant has not previously served a prison term, the trial court must impose the minimum sentence unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct and will not adequately protect the public from future crime by the offender:
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court recently addressed the principles governing minimum and maximum sentences. With respect to minimum terms, the Supreme Court stated, [U]nless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. Id. at 326.
Here, appellant had not previously served a prison term. Accordingly, the trial court was required to impose the minimum prison term of three years, unless it found, pursuant to R.C.2929.14(B), that the minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by appellant.
In imposing a sentence of nine years, rather than three years, the trial court stated that it was not imposing the minimum sentence in this case because it would demean the seriousness of the offense and not adequately protect the community to impose a minimum sentence. Accordingly, the trial court complied with R.C.2929.14(B) in imposing other than the minimum sentence of three years.
R.C. 2929.14(C) applies when a trial court imposes a maximum prison sentence upon a felony offender. It provides:
 * * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Here, pursuant to R.C. 2929.14(C), the trial judge found on the record that appellant had committed the worst form of felonious assault upon a peace officer. Therefore, the trial court could have properly sentenced appellant to ten years in prison, the maximum term of imprisonment for a felony of the first degree. The trial court sentenced appellant to nine years imprisonment, however, which is, as appellant admits, only close to the maximum sentence.
R.C. 2929.12 provides that unless a mandatory prison term is required, a court that imposes a sentence upon a felony offender has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C.2929.11. In exercising that discretion, the trial court must consider, inter alia, the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct. These factors include the physical or mental injury suffered by the victim of the offense. Here, the trial court noted that appellant seriously caused physical harm to a police officer, Deputy Iussery, who was on the ground, and he continued to be kicked in the head, and continued to be pounded against the pavement. The trial court also noted that appellant had not expressed any remorse for his action.
On this evidence, the trial court apparently concluded that although appellant's conduct did not justify the maximum sentence of ten years, the seriousness of the offense justified a long prison term. Because the trial court properly considered R.C.2929.14(B), 2929.14(C) and the factors identified in R.C. 2929.12
before imposing appellant's sentence, the trial court's sentence of nine years imprisonment for felonious assault upon a peace officer is not contrary to law.
Appellant's second assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
SPELLACY, J. and ROCCO, J., CONCUR.