The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams* (1989), 65 Ohio App.3d 70.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55953.

Decided Oct. 16, 1989.

*John T. Corrigan,* Prosecuting Attorney, and *Laurence R. Snyder,* Assistant Prosecuting Attorney, for appellee.

*Thomas Hudson,* for appellant.

---

KRUPANSKY, Judge.

Defendant Earl Williams was indicted by the Cuyahoga County Grand Jury on two counts; *viz.,* (1) carrying a concealed weapon, with two violence specifications, in violation of R.C. 2923.12; and (2) having a weapon while under disability, with one gun and two violence specifications, in violation of R.C. 2923.13.

On October 20, 1987, the trial court journalized an entry accepting defendant's guilty pleas to both counts as charged in the indictment. On June 3, 1988, the trial court sentenced defendant on count one to a minimum term of two and one-half years and a maximum term of ten years. On the second count defendant was sentenced to two years minimum and five years maximum with a consecutive term of three years' actual incarceration for the gun specification. The trial court ordered defendant's sentences in both counts to run concurrently. Defendant filed a timely notice of appeal assigning three errors.

Defendant's first assignment of error follows:

"The trial court denied the appellant's rights to a fair trial and due process of law and rendered appellant's plea of guilty involuntary when it failed to inform appellant on the record of the potential maximum sentence faced under a plea of guilty."

Defendant's first assignment of error has merit.

Defendant argues the trial court erred when it failed to inform defendant that if he pled guilty as charged defendant would be required to serve a mandatory "three-year" sentence for the gun specification in count two of the indictment. Defendant's argument is persuasive.

Crim.R. 11(C)(2) provides as follows:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) *Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved,* and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." (Emphasis added.)

In *State v. Gibson* (1986), 34 Ohio App.3d 146, 147, 517 N.E.2d 990, 991, this court stated:

"A court must inform the defendant about critical constitutional rights before accepting a plea which waives those rights. *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph one of the syllabus. However, *substantial compliance with Crim.R. 11(C) will suffice to advise the defendant about other matters before accepting such pleas. State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 56, 364 N.E.2d 1163, 1167. Thus, *the court may properly determine that the defendant understands those other matters from the totality of the circumstances, without informing him about them directly.* See *State v. Rainey* (1982), 3 Ohio App.3d 441, 442, 3 OBR 519, 520–521, 446 N.E.2d 188, 190; *State v. Stewart, supra.*" (Emphasis added.)

Moreover, Crim.R. 11(C)(2) requires the court to determine that a criminal defendant understands the maximum penalty involved when he enters a guilty plea. *Gibson, supra,* at 147, 517 N.E.2d at 991; *State v. Wilson* (1978), 55 Ohio App.2d 64, 9 O.O.3d 223, 379 N.E.2d 273; *State v. Telliard* (May 8, 1986), Cuyahoga App. No. 50417, unreported, 1986 WL 5289.

In the case *sub judice,* the trial court advised defendant of his possible sentence for count two as follows:

"And the charge of having a weapon while under disability in count two, to which you wish to *plead guilty with the gun specification* and with the violence specification, it carries a possible minimum sentence of one and a half, two, two and a half or three years or a maximum sentence of five years, *in addition to and consecutive with a mandatory period of actual incarceration for having the gun and/or a fine of up to $2500."* (Emphasis added.)

In the case *sub judice,* the record is devoid of any indication the trial court informed defendant he would serve three years for the gun specification. The trial court did inform defendant that his sentence on the gun specification carried a mandatory period of actual incarceration which would be served

consecutive to his sentence for the underlying felony. However, neither the trial court nor any of the attorneys present informed defendant that the mandatory period of actual incarceration on the gun specification was three years.

The trial court did not substantially comply with Crim.R. 11(C) when it failed to inform defendant of the maximum sentence involved when he pled guilty to an indictment containing a gun specification. *Gibson, supra; Telli-ard, supra.* Accordingly, defendant's first assignment of error is well taken and sustained. The judgment of the trial court is reversed and the cause is remanded for defendant to plead anew.

Defendant's second and third assignments of error follow:

"II. The appellant's plea of guilty was rendered involuntary by the trial court's acceptance of an inaccurate statement of law by defense counsel regarding the availability of affirmative defenses to appellant during the process of taking the appellant's plea.

"III. Appellant was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment and Fourteenth Amendment to the United States Constitution and Article I [Section] 10 of the Ohio Constitution."

Defendant's second and third assignments of error lack merit.

In his second assignment of error, defendant argues he was prejudiced and involuntarily entered his guilty plea because of an incorrect statement of law by his defense counsel. Defendant's argument is unpersuasive. Prior to defendant's plea being accepted by the trial court, defense counsel stated as follows:

"I have also explained to the defendant that the *statute expressly prohibits him from asserting an affirmative defense because he was under disability with reference to his possession of a CCW and with reference to the CCW charge,* that is, in my judgment, there is absolutely *no way that we could overcome the facts* that would be presented by the State which would show, in fact, he had a gun in his possession." (Emphasis added.)

In *State v. Hardy* (1978), 60 Ohio App.2d 325, 14 O.O.3d 289, 397 N.E.2d 773, based upon the facts in that case, this court held R.C. 2923.13, having a weapon under disability, does not restrict the right of an individual under a disability from acting in self-defense. Defendant argues he was prejudiced by his attorney's incorrect statement of the law since if the case *sub judice* had been tried, defendant would have asserted the affirmative defense of self-defense.

However, there is nothing in the record to suggest defendant could have asserted a self-defense claim. Moreover, defendant's counsel stated that

in his judgment, taking into consideration the facts of the case *sub judice,* there is "absolutely no way" the defense could overcome the facts which the state would present establishing defendant had a gun in his possession. Absent any evidence to the contrary, this court must presume regularity and rely on the presumption of counsel's competence. See, *e.g., State v. Smith* (1987), 36 Ohio App.3d 162, 521 N.E.2d 1112 (a person who is properly licensed to practice law in Ohio is presumed to execute his duties in a competent manner). Accordingly, defendant's second assignment of error is not well taken and overruled.

■ In his third assignment of error, defendant argues he was denied effective assistance of counsel when counsel advised defendant to plead guilty because R.C. 2923.12(A) prohibited an affirmative defense to the offense. Defendant's argument is unpersuasive.

In *State v. Brooks* (1986), 25 Ohio St.3d 144, 147, 25 OBR 190, 193, 495 N.E.2d 407, 410–411 (*per curiam*), the court stated as follows:

" 'A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.' " (Quoting *Strickland v. Washington* [1984], 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693.) A person who is properly licensed to practice law in Ohio is presumed to execute his duties in a competent manner. *Smith, supra.*

■ As stated in the discussion of defendant's second assignment of error, it was defense counsel's judgment that no affirmative defense could overcome the state's case establishing defendant had a gun in his possession. Defendant cannot base his claim of ineffective assistance of counsel upon anything in the record since the underlying facts of the charges against defendant are not contained in the record. Thus, defendant failed to show either that his attorney made serious errors or that counsel's performance prejudiced the defendant. Defendant was not denied effective assistance of counsel. Ac-

cordingly, defendant's third assignment of error is not well taken and is overruled.

Judgment reversed and cause remanded for defendant to plead anew.

*Judgment accordingly.*

ANN MCMANAMON, C.J., and DYKE, J., concur.