MEMORANDUM DECISION
Defendant-appellant, Levio D. Mack, appeals from the judgment of the Franklin County Court of Common Pleas accepting his guilty plea to one count of aggravated murder with a firearm specification, but without a death penalty specification, and to one count of aggravated robbery. We affirm.
In January of 1994, appellant was indicted on two counts of capital murder, one count of aggravated robbery, and one count of aggravated arson. At the arraignment, appellant entered a general plea of not guilty. On May 31, 1994, appellant, represented by counsel, withdrew his plea of not guilty and pleaded guilty to one count of aggravated murder in violation of R.C. 2903.01, with a firearm specification, but without a death penalty specification, and one count of aggravated robbery in violation of R.C. 2911.01. Appellant and his counsel signed an entry of guilty plea form, and the trial court conducted a plea dialogue with appellant. The court accepted appellant's guilty plea and sentenced appellant to serve twenty years to life on the aggravated murder charge with an additional three years of actual incarceration for the use of a firearm. The trial court sentenced appellant to an additional six to twenty-five years imprisonment on the aggravated robbery charge to be served consecutively with the first sentence. The entry of guilty plea form and sentencing entry were filed on June 1, 1994.
On February 18, 1999, this court granted appellant's motion for a delayed appeal. Through counsel, appellant has raised the following assignment of error:
 The hearing at which appellant's guilty plea was entered did not conform with the requirements of Criminal Rule 11 or due process.
Ohio Rules of Criminal Procedure, Rule 11(C) states in relevant parts:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
A trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. See State v.Stewart (1977), 51 Ohio St.2d 86, 88-89; State v. Ballard (1981),66 Ohio St.2d 473, paragraph one of the syllabus; State v. Colbert
(1991), 71 Ohio App.3d 734, 737; see, also, Boykin v. Alabama
(1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 1712. As to the nonconstitutional requirements of Crim.R. 11, only substantial compliance with Crim.R. 11(C) is required. Stewart, supra, at 93;State v. Nero (1990), 56 Ohio St.3d 106, 108; Colbert, supra, at 737. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero,supra, at 108. Moreover, appellant must show that a failure to comply had a prejudicial effect. Id. "The test is whether the plea would have otherwise been made. Id."
Here, appellant asserts four contentions in support of his assignment of error. First, appellant contends that the trial court "did not ascertain whether [appellant] understood that he would not be eligible for probation upon pleading guilty to the reduced charges."
Probation is considered a "non-constitutional" right for the purposes of Crim.R. 11, and a trial court substantially complies with the rule when it determines that the defendant understands that he is not eligible for probation. Colbert,supra, at 737. Further, where the circumstances indicate that defendant knew that he was ineligible for probation, the trial court substantially complies with Crim.R. 11 even when it does not personally advise defendant that he was not eligible for probation. Nero, supra, syllabus. "Circumstances indicative of substantial compliance include: clarification of the defendant's ineligibility for probation on the plea form, or unequivocal dialog pertaining to `actual incarceration' between defendant and either counsel or the court at the plea hearing." State v.Richards (June 21, 1996), Wood App. No. WD-95-079, unreported.
During the plea proceeding, the trial court and appellant had the following exchange:
 The Court: And the first of these two counts, aggravated murder, is subject to a possible imprisonment of 20 years to life, at least 20 years before you would be eligible for parole, and a fine not to exceed $25,000, plus a three-year term of actual incarceration in connection with the firearm. Do you understand that?
The Defendant: Yes, sir.
 The Court: And as to the other count of aggravated robbery, you would be in prison for not less than five, six, seven, eight, nine or ten years with a maximum of 25 years and a fine of up to $10,000. Do you understand?
The Defendant: Yes, sir. (Tr. 5.)
Here, as illustrated above, the trial court informed appellant, and appellant stated that he understood that the firearm specification included three years of "actual incarceration." Cf. State v. Williams (1989), 65 Ohio App.3d 70
(no substantial compliance with Crim.R. 11 when trial court did not specify three years of actual incarceration for the firearm specification). Further, the entry of guilty plea (the "plea form"), signed by appellant and his counsel, stated that the firearm specification included a "3-year term of actual incarceration." This document also clearly states "this plea/sentence is non-probational." Based on these circumstances, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) when it determined that appellant understood that he was not eligible for probation.
Appellant's second and third contentions in support of his assignment of error are that the trial court "did not explain that a consecutive three years of actual incarceration was required on the firearm specification" and that "it did not explain the possibility of a consecutive sentence on the charge of aggravated robbery." These contentions are not well-taken because: (1) the trial court did inform appellant of three years of actual incarceration on the firearm specification; and (2) the trial court substantially complied with the Crim.R. 11(C)(2)(a) requirement that a trial court determine whether a defendant understands the "maximum penalty involved" before accepting a plea of guilty.
In State v. Johnson (1988), 40 Ohio St.3d 130, the trial court advised defendant of the maximum penalty for each of the three offenses to which he was pleading guilty. The court did not, however, explain to the defendant that the three sentences could run consecutively. The Supreme Court found that there was no error by the trial court and that it had complied with the Crim.R. 11 requirements. "Failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim. R. 11(C)(2), and does not render the plea involuntary." Johnson, supra, syllabus.
Here, as in Johnson, the trial court advised appellant of the maximum sentence for each of the two counts before it accepted appellant's plea of guilty. Therefore, the trial court substantially complied with Crim.R. 11(C)(2)(a), and appellant's arguments regarding the failure of the trial court to inform appellant that the sentences would be ordered to be served consecutively are not well-taken.
Finally, appellant argues that the trial court "did not adequately advise appellant of his appellate rights had he been convicted of death penalty murder." Appellant cites no authority for the proposition that the trial court is required at a plea hearing to explain specific death penalty appellate procedure to a defendant who is not facing the death penalty. Imposition of this additional requirement would result in an unwarranted expansion of the Crim.R. 11 requirements and is not well-taken.
Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.