Defendant-appellant Maurice Redmond appeals from his conviction following a guilty plea to rape (R.C. 2907.02) pursuant to a plea agreement. Defendant was sentenced to six to twenty-five years of incarceration. Defendant contends his plea was not knowingly and voluntarily made because both the prosecutor and defense counsel mistakenly misrepresented the aggregate possible minimum sentence for all the crimes with which he was charged, i.e. 38 years to 70 years of incarceration. We find no error and affirm.
Defendant was originally indicted for kidnapping and rape with aggravated felony specifications and corruption of a minor. At his plea hearing on February 27, 1998, defendant and the State entered into a plea agreement pursuant to which he would plead guilty to the rape charge with specifications and the other charges would be nolled.
At the hearing, the State informed the trial court of the proposed plea agreement. The State outlined each charge against defendant and stated what the possible maximum sentence for each charge was and what the possible aggregate amount of the sentence could be. The State stated that the rape count carried a maximum term of imprisonment of five to twenty-five years. The State stated that if defendant would plead guilty to the rape counts, the State would agree to a sentence of six to twenty-five years and would nolle the kidnapping and corruption of a minor counts. Defense counsel affirmed that defendant wanted to enter a plea of guilty and informed the court that he explained to defendant what his constitutional rights were in the matter. He stated that he had informed defendant that he would be given a term of imprisonment of six to twenty-five years. (Tr. at 3-12).
The trial court proceeded to instruct defendant as required by Crim.R. 11 asking if he understood: that he was satisfied with the representation that his attorney provided; that he had a right of a trial by jury; that an attorney would be provided if he could not afford one; that he could waive his right to a trial by jury and have his case tried by a judge; that if he went to trial, his guilt would have to be proven beyond a reasonable doubt; that he had a right to cross examine and subpoena witnesses; that by pleading guilty he would be giving up the right to raise any defense; and that he had a right not to testify at trial.
The trial court asked defendant if he was on probation or parole and he stated that he was on probation. The trial court informed defendant that by pleading guilty to the instant crime he was admitting to a violation of probation and that he could be punished for that violation. (Tr. at 16).
The trial court further informed defendant what the charge was and what the possible sentence would be and defendant stated that he understood. (Tr. 16). The trial court asked defendant if any threats or promises were made to him and he stated no. Defendant agreed that he was pleading guilty voluntarily to the charges. (Tr. at 17). Defendant then pled guilty to the rape charge.
Defendant's sole assignment of error states:
 I. MAURICE REDMOND'S PLEA WAS NOT MADE KNOWINGLY AND VOLUNTARILY AND THEREBY VIOLATED HIS CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION AND RULE 11 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
Defendant argues that both the prosecutor and defense counsel misstated the sentencing parameters for the charges that defendant was indicted on and therefore his plea was not knowingly and voluntarily made. This argument has no merit.
Crim.R. 11 was enacted to ensure that a guilty or no contest plea would be accepted by the court only if voluntarily, knowingly and intelligently made by the accused. State v. Stone (1975), 43 Ohio St.2d 163, 167-168. Specifically, this rule deals with the guilty plea in felony cases and provides in pertinent part:
 (C) Pleas of Guilty and No Contest in felony cases:
* * *
 (2) In felony cases, the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
A review of the record reveals that the trial court scrupulously complied with the requirements of Crim.R. 11. The transcript of the plea hearing displays that a meaningful oral dialogue occurred between the trial court and defendant. Defendant was personally informed of the constitutional guarantees he waives by entering a guilty plea and what his maximum sentence could be as related to the rape count to which he pled.
Defendant argues that the trial court erred in failing to inform him of the potential sentence he would serve if he chose to go to trial and was subsequently found guilty of all the counts upon which he was indicted. The defendant is correct that pursuant to R.C. 2929.41(E)(2), if he was found guilty of all counts he would have only served 15 to 70 years instead of the 38 to 70 years and that if found guilty on the kidnapping charge he would be sentenced pursuant to R.C. 2929.11((B)(2)(b) to 8 to 15 and not 10 to 25 as represented. However, these errors have no effect on his plea. Crim.R. 11(C) does not require the trial court to advise the defendant of the possible sentence he would serve if he did not plead but went to trial instead. The Ohio Supreme Court in State v. Johnson (1988), 40 Ohio St.3d 130, 133
found that the "maximum penalty" language in Crim.R. 11(C) refers to the charge to which the defendant is pleading:
 A review of such rule, as set forth above, indicates that it requires the trial court to explain before it accepts "the plea," "the nature of the charge and of the maximum penalty involved." (Emphasis added). Crim.R. 11(C)(2)(a). Upon its face the rule speaks in the singular. The term, "the charge" indicates a singular and individual criminal charge. So, too, does "the plea" refer to "a plea" which the court "shall not accept" until the dictates of the rule have been observed. Consequently, the term "the maximum penalty" which is required to be explained is also to be understood as referring to a single penalty. In the context of "the plea" to "the charge," the reasonable interpretation of the text is that "the maximum penalty" is for the single crime for which "the plea" is offered.
See, also, State v. Williams (1989), 65 Ohio App.3d 70, 73
("Crim.R. 11(C)(2) requires the court to determine that a criminal defendant understands the maximum penalty involved when he enters a guilty plea"); State v. Smith (Oct. 16, 1997), Cuyahoga App. No. 71727, unreported at 8 ("Although Crim.R. 11(C) states that a defendant must be informed of the maximum penalty involved, that refers to the penalty for the crime for which the plea is offered.")
As stated above, the trial court correctly informed defendant of the possible maximum sentence regarding the rape count to which he pled. There was therefore no violation of Crim.R. 11(C).
We hold that the trial court substantially and correctly complied with the requirements of Crim.R. 11; that defendant entered his plea knowing full well the consequences and the benefits derived from the plea agreement.
Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, J., and
 ANNE L. KILBANE, J., CONCUR.
JAMES M. PORTER ADMINISTRATIVE JUDGE