DECISION
Defendant-appellant, Theodore E. Hughes, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of felonious assault in violation of former R.C. 2903.11 pursuant to defendant's guilty plea. Because the trial court appropriately advised defendant pursuant to Crim.R. 11, and further sentenced defendant within the parameters of the applicable statutory provisions, we affirm.
Pursuant to an indictment filed March 17, 2000, defendant was charged with one count of felonious assault for having knowingly caused serious physical harm to Bill Jones and/or caused or attempted to cause physical harm to him by means of a deadly weapon, a knife.
Although defendant initially entered a not guilty plea on the day scheduled for trial, defendant changed his plea and entered a guilty plea to the charge in the indictment. Following inquiry pursuant to Crim.R. 11, the trial court accepted defendant's guilty plea and sentenced defendant to two years incarceration on the joint recommendation of the state and defense counsel, and further ordered $18,200 restitution to pay the medical bills of the victim, Bill Jones.
Pursuant to a motion for delayed appeal, granted by this court on March 29, 2001, defendant appeals, assigning three errors:
 I. THE TRIAL COURT ERRED IN GRANTING RESTITUTION TO THE VICTIM.
 II. THE TRIAL COURT ERRED BY FAILING TO DETERMINE THAT APPELLANT MADE HIS PLEA WITH AN UNDERSTANDING OF THE NATURE OF THE CHARGE IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION TEN OF THE OHIO CONSTITUTION.
 III. THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING HIS PLEA AND SENTENCING HEARING IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION.
Defendant's first assignment of error asserts the trial court erred in ordering defendant to pay restitution to the victim, in care of Grant Medical Center, for medical bills incurred as a result of the incident giving rise to the felonious assault charge. Preliminarily, we note defendant did not object to the order of restitution, or to the amount ordered in the trial court. Accordingly, we review the record for plain error. Plain error exists when "but for the error, the outcome of the trial would clearly have been otherwise." State v. Biros (1997),78 Ohio St.3d 426, 436.
Former R.C. 2929.18(A), as well as the current statute, provides that in imposing a sentence on an offender for a felony, the trial court may sentence the offender to any financial sanction or combination of financial sanctions authorized under the section, including "[r]estitution by the offender * * * in an amount based on the victim's economic loss." R.C. 2929.01 sets forth the definitions to be used in R.C. Chapter 2929, and specifically defines economic loss to mean any economic detriment suffered by a victim as a result of criminally injurious conduct, including medical cost. As a result, the trial court properly included restitution for medical costs as part of defendant's sentence. State v. Johnson (June 30, 1999), Auglaize App. No. 2-98-39, unreported.
Due process requires that the amount of restitution bear a reasonable relationship to the loss suffered. State v. Marbury (1995),104 Ohio App.3d 179, 181; Johnson, supra. In that regard, the prosecution represented to the trial court that the victim was hospitalized as a result of the felonious assault, "had to undergo two surgeries, follow-up visits for the sutures to be removed from his neck. And the total medical bills for eighteen thousand two-hundred dollars which are still outstanding. He did not have any medical insurance at that point." (Tr. 10-11.)
Because defendant did not object to the amount of restitution the prosecution requested, the prosecution was not prompted to elaborate. Nonetheless, nothing in the record suggests the amount of restitution is inaccurate. While the amount of restitution ordinarily must be demonstrated, here the prosecution presented the court with the amount of the victim's past medical bills arising from the assault. Indeed, the trial court ordered that the restitution be sent to Grant Medical Center in payment of the victim's outstanding medical bills. Coupling the absence of an objection from defendant with payment directly to the provider, the record fails to support defendant's contention that the amount of restitution was arbitrarily determined or unrelated to the loss the victim suffered. Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error contends the trial court erred in failing to determine that defendant made his plea with an understanding of the nature of the charge against him.
Crim.R. 11(C)(2) requires a trial judge personally to tell a defendant entering a guilty plea about his constitutional rights at trial and about certain other non-constitutional matters. State v. Nero (1990),56 Ohio St.3d 106, 107; see, also, State v. Johnson (1988),40 Ohio St.3d 130, 132-133, certiorari denied (1989), 489 U.S. 1098; State v. Holder (1994), 97 Ohio App.3d 486, 489. Among the constitutional rights incorporated into Crim.R. 11(C), are theFifth Amendment privilege against compulsory self-incrimination, the right to a trial by jury and the right to confront defendant's accusers. Nero, supra, citing Boykin v. Alabama (1969), 395 U.S. 238, 242-243.
In determining whether a trial court's failure to follow Crim.R. 11(C)(2) requires a plea to be vacated, a reviewing court applies different tests depending on whether the trial court omitted a constitutional or non-constitutional element of the rule. If a challenge involves a trial court's failure to inform the defendant of a constitutional right, the appropriate standard requires strict compliance with Crim.R. 11(C). State v. Abrams (Aug. 2, 1995), Montgomery App. No. 14864, unreported; State v. Patterson (Sept. 23, 1994), Trumbull App. No. 93-T-4826, unreported; State v. Williams (1989), 65 Ohio App.3d 70,73. Cf. State v. Billups (1979), 57 Ohio St.2d 31, 38 (defendant's verbal and written waiver of his constitutional rights was sufficient because the defendant acknowledged that he heard and understood the judge's colloquy of Crim.R. 11(C) rights with an earlier defendant and because defendant indicated that he did not desire his own recitation). A trial court's failure to comply strictly with the rule is prejudicial error. See, e.g., State v. Tabasko (1970), 22 Ohio St.2d 36, certiorari denied (1971), 400 U.S. 998.
In contrast, when the dispute involves the trial court's failure to instruct the defendant about a non-constitutional matter, the trial court only need substantially comply with the rule. Nero, at 108; Abrams, supra. A trial court substantially complies with the rule when a defendant subjectively understands the implications of his plea and the rights he is waiving. Id. See, also, Holder, supra, at 490, quoting Nero, supra, at 108. Moreover, if a plea challenge concerns a non-constitutional matter, a defendant must demonstrate prejudice. Id.; State v. Stewart (1977), 51 Ohio St.2d 86, 93.
Here, the alleged omission concerns a non-constitutional issue: whether the trial court complied with Crim.R. 11(C)(2)(a) by determining defendant was "making the plea voluntarily, with understanding of the nature of the charges * * *." In that regard, the trial court initially asked defendant if his attorney had explained everything and answered all of his questions, to which defendant responded affirmatively. Similarly, the court asked defendant if he was satisfied with his attorney's advice and competence; defendant said he was. The court then inquired whether defendant understood what offense he was pleading guilty to, and defendant replied: "Yes, your Honor." (Tr. 5.) Following its inquiry and accepting defendant's plea, the court asked the prosecution to state the underlying facts.
A trial court can find a defendant understood the nature of the charges when the totality of the circumstances warrants such a determination. State v. Rainey (1982), 3 Ohio App.3d 441. The trial judge does not need to discuss with particularity each essential statutory element of a crime. State v. Pons (June 1, 1983), Montgomery App. No. 7817, unreported. Accordingly, a trial court is warranted in finding that a defendant understands the nature of the charge where the prosecution gives an explanation of the facts and circumstances of the crime after the trial court has accepted the defendant's plea. State v. Beckman (July 7, 1989), Montgomery App. No. 11394, unreported. Here, defendant was advised not only that he was charged with felonious assault, but further was provided the underlying facts giving rise to the charge. Given the single count with which defendant was charged, the trial court's inquiry as noted, and the facts provided during the plea hearing, the trial court substantially complied with the requirements of Crim.R. 11(C). Defendant's second assignment of error is overruled.
Defendant's third assignment of error asserts defendant was denied effective assistance of counsel. To demonstrate ineffective assistance of counsel defendant first "* * * must show that counsel's performance was deficient. This requires showing that counsel made error so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Here, defendant contends counsel "did not actually and substantially assist his client on whether to plead guilty. Defendant's counsel only raised a self-defense theory, but the defendant also had a provocation partial defense that his counsel did not raise or made his client aware of." (Defendant's Brief, 16.)
The recitation of facts the prosecution presented does not suggest that counsel was ineffective in failing to raise self-defense or provocation as meritorious issues for trial. Rather, defendant's argument is premised on advice counsel gave to defendant. Because this record does not reflect the nature of the conversations between defendant and counsel, this court cannot determine whether defendant was provided ineffective assistance of counsel in his attorney's evaluation of the evidence and any potential defenses or mitigating factors available to defendant. As a result, defendant's avenue for relief, if any, is pursuant to post-conviction relief. See State v. Rodriguez (1989), 65 Ohio App.3d 151, jurisdictional motion overruled (1990), 49 Ohio St.3d 713; R.C. 2953.21. Defendant's contention regarding the advice of counsel is not well-taken.
Defendant also contends his counsel was ineffective in failing to object to the restitution order. As noted, however, statutory law allows the trial court to order restitution for medical bills. Counsel was not ineffective in failing to object to a proper order of restitution. Moreover, to the extent defendant contends counsel should have objected to the amount of restitution, the record fails to present any evidence suggesting an objection would have been fruitful. Rather, the record, in its present state, suggests the trial court simply awarded the amount of Grant Medical Center's charges to the victim. Defendant cannot demonstrate prejudice on this record.
Lastly, defendant contends counsel was ineffective in failing to object when the trial court inadequately addressed defendant to insure his awareness of the nature of the offense. Because we have determined the trial court substantially complied with Crim.R. 11(C), defense counsel was not ineffective in failing to object. Accordingly, defendant's third assignment of error is overruled.
Having overruled all three of defendant's assigned errors, we affirm the judgment of the trial court.
Judgment affirmed.
PETREE and BROWN, JJ., concur.