OPINION
Defendant-appellant, James W. Ingram, appeals from a judgment of the Franklin County Court of Common Pleas, finding him guilty pursuant to defendant's guilty plea to one count of aggravated vehicular homicide in violation of R.C. 2903.06, and one count of operating a motor vehicle while under the influence of alcohol or drugs ("OMVI") in violation of R.C. 4511.19. Defendant assigns a single error:
 THE HEARING AT WHICH APPELLANT'S GUILTY PLEA WAS ENTERED DID NOT CONFORM WITH THE REQUIREMENTS OF CRIMINAL RULE 11 OR DUE PROCESS.
Because the trial court substantially complied with the challenged aspects of Crim.R. 11, we affirm.
In Franklin County Common Pleas Court case No. 99CR-06-3221, defendant was indicted for one felony count of aggravated vehicular homicide and two counts of OMVI, a misdemeanor. By separate indictment in Franklin County Common Pleas Court case No. 00CR-06-3737, defendant was charged with one count of theft in violation of R.C. 2913.02, and two counts of forgery in violation of R.C. 2913.31.
Although defendant initially entered a plea of not guilty to all the charges, defendant changed his plea and at a hearing held September 5, 2000, tendered a guilty plea to the charge of aggravated vehicular homicide and one count of OMVI. Defendant also tendered a guilty plea to the forgery charge in case No. 00CR-06-3737. In exchange for defendant's guilty pleas, the prosecution entered a nolle prosequi on the remaining charges. Following the trial court's plea dialogue with defendant and his counsel pursuant to Crim.R. 11 and the prosecution's recitation of the factual basis for the offenses to which defendant was pleading guilty, the trial court accepted defendant's guilty pleas but deferred sentencing until October 19, 2000.
Defendant failed to appear for his scheduled sentencing on October 19, 2000; as a result, defendant was indicted on two counts of failure to appear on a recognizance bond. At a sentencing hearing held on June 21, 2001, the trial court sentenced defendant to five years of imprisonment for the aggravated vehicular homicide, to run concurrently with a six-month sentence for the OMVI, and consecutively with a twelve-month sentence for the forgery. At that same hearing, defendant pleaded guilty to two counts of failure to appear on a recognizance bond, in violation of R.C. 2937.99, and the trial court sentenced defendant to six-month prison terms on each count, to run concurrently with each other and the other sentences. Defendant does not appeal the trial court's judgments concerning the offenses of forgery or failure to appear on a recognizance bond.
Defendant's single assignment of error initially asserts the trial court failed to determine defendant made his plea of guilty to the charges of aggravated vehicular homicide and OMVI with an understanding of the nature of the charges against him.
Crim.R. 11(C)(2) sets forth the procedural requirements for accepting a plea of guilty. This court has stated that the procedural requirements in Crim.R. 11(C) are consistent with constitutional protections afforded a defendant. See State v. Duff (Dec. 19, 2000), Franklin App. No. 00AP-466, unreported. Thus, the analysis under Crim.R. 11 addresses as well defendant's due process guarantees under the Ohio and United States Constitutions. Id.
Crim.R. 11(C)(2)(a) requires a trial court personally tell a defendant entering a guilty plea about constitutional guarantees he or she foregoes by entering a guilty plea, as well as certain other nonconstitutional matters. State v. Nero (1990), 56 Ohio St.3d 106, 107; State v. Johnson (1988), 40 Ohio St.3d 130, 132-133, certiorari denied (1989),489 U.S. 1098; State v. Hughes (Dec. 27, 2001), Franklin App. No. 01AP-196, unreported. Constitutional rights incorporated into Crim.R. 11(C) include the Fifth Amendment privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers. Nero, supra, citing Boykin v. Alabama (1969),395 U.S. 238, 242-243.
In determining whether a plea must be vacated due to a trial court's failure to follow Crim.R. 11(C)(2), a reviewing court utilizes different tests depending on whether the challenge to the plea concerns a constitutional or nonconstitutional element of the rule. Strict compliance with Crim.R. 11(C) is required regarding critical constitutional rights. State v. Colbert (1991), 71 Ohio App.3d 734,737; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; State v. Williams (1989), 65 Ohio App.3d 70, 73; Hughes, supra; State v. Patterson (Sept. 23, 1994), Trumbull App. No. 93-T-4826, unreported. A defendant need not be advised in the exact language of Crim.R. 11(C), but a defendant must be informed of the critical constitutional rights in a manner reasonably intelligible to that defendant. Ballard, supra, paragraph two of the syllabus; Williams, supra. A trial court's failure to comply strictly with the rule is prejudicial error. See, e.g., State v. Tabasko (1970), 22 Ohio St.2d 36, certiorari denied (1971), 400 U.S. 998.
Where a challenge to a plea involves the trial court's failure to instruct the defendant about nonconstitutional matters, substantial compliance with Crim.R. 11(C) will suffice. Nero, supra, at 108, citing State v. Stewart (1977), 51 Ohio St.2d 86, 92-93; Colbert; Hughes, supra. A trial court substantially complies with the rule when under the totality of the circumstances a defendant subjectively understands the implications of his plea and the rights he is waiving. Nero; Hughes, supra. Moreover, where a challenge to the plea concerns a nonconstitutional matter, a defendant must establish prejudice: the plea otherwise would not have been made. Nero; Stewart, supra. Here, defendant's challenge to his guilty plea concerns a nonconstitutional issue: whether the trial court complied with Crim.R. 11(C)(2)(a) by determining defendant was "making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved * * *." Accordingly, the trial court needed to substantially comply with Crim.R. 11(C)(2) regarding those matters.
A trial court can find a defendant understood the nature of the charges when the totality of the circumstances warrants such a determination. State v. Rainey (1982), 3 Ohio App.3d 441, paragraph one of the syllabus; State v. Simmons (Aug. 4, 1998), Franklin App No. 97APA10-1310, unreported. The trial court does not need to discuss with particularity each essential statutory element of a crime. Hughes, supra, citing State v. Pons (June 1, 1983), Montgomery App. No. 7817, unreported.
The record here supports a finding that defendant understood the nature of the charges to which he was pleading guilty. Significantly, defendant was present when, prior to the trial court accepting defendant's guilty plea, the prosecution recited the charges and the factual basis for the offenses to which defendant entered his plea of guilty. See Hughes, supra, citing State v. Beckman (July 7, 1989), Montgomery App. No. 11394, unreported (concluding a trial court is warranted in finding that a defendant understands the nature of the charge where the prosecution in the defendant's presence gives an explanation of the facts and circumstances of the crime after the trial court has accepted the defendant's plea). In response to the trial court's inquiring whether defendant understood the nature of the offenses to which he was entering a guilty plea, defendant responded that he did. Given those factors, the record establishes defendant was advised of and understood the nature of the charges subject of his guilty plea.
Defendant next asserts the trial court failed to mention the range of penalties for the offenses of aggravated vehicular homicide and OMVI before defendant pleaded guilty to the offenses. Specifically, defendant contends the trial court neither advised him of the maximum sentences for these offenses nor advised him of the possibility that consecutive sentences or financial sanctions could be imposed or his driver's license could be suspended.
At the beginning of the plea hearing, when the prosecution advised the trial court in defendant's presence of the offenses to which defendant would plead guilty, the prosecution also identified the respective maximum prison terms for each offense. Shortly thereafter, upon questioning by the trial court, defendant stated he understood the possible penalties, and he recognized the trial court could impose "those" penalties. The totality of the circumstances indicate that at the time defendant entered his guilty plea, he understood the maximum prison terms which could be imposed for the subject offenses.
Regarding defendant's claim that the trial court should have informed him of the possibility of consecutive sentences, a trial court does not violate Crim.R. 11(C) by failing to inform a defendant who pleads guilty to more than one offense that consecutive, rather than concurrent, sentences could be imposed. Johnson, supra, at syllabus. Defendant's further claim that the trial court failed to advise him of possible financial sanctions such as a fine or restitution is moot because the court ordered no such financial sanctions in this case.
With regard to the suspension of defendant's driver's license, the record supports defendant's assertion that he was not advised his driver's license could be suspended. Apparently, the first notification to defendant regarding possible suspension of his driver's license was at the end of the sentencing hearing when the court announced a three-year license suspension. However, even if the trial court failed to substantially comply with Crim.R. 11(C) by its failure to notify defendant of the possible suspension of his driver's license, defendant has not demonstrated he would not have entered a guilty plea but for the trial court's failure to so advise. See Nero, supra, at 108. Therefore, with respect to the nonconstitutional rights contained in Crim.R. 11(C), defendant has failed to satisfy his burden of demonstrating prejudice, and his assignment of error is overruled.
Having overruled defendant's single assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
LAZARUS and PETREE, JJ., concur.